Eau Claire Fuel & Supply Co. vs. Laycock.

---

EAU CLAIRE FUEL & SUPPLY COMPANY, Respondent, vs. LAYCOCK, Appellant.

*December 18, 1895 — January 7, 1896.*

*Reference: Consolidation of actions.*

1. By a motion to consolidate one action with another which has been referred the party moving consents that the consolidated action shall be tried before the referee.
2. Consent to the reference of an action amounts to an admission that it contains a referable issue, and when another action is afterwards consolidated with it the court may refer the whole case under sec. 2864, R. S.

Eau Claire Fuel & Supply Co. vs. Laycock.

APPEAL from an order of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Affirmed.*

The facts are stated in the opinion. In the action first commenced one cause of action was upon an account for goods sold and delivered to the defendant, and the other was to recover a call or assessment upon defendant's subscription for stock in the plaintiff corporation. The second action was to recover a second call or assessment upon said subscription.

For the appellant there were briefs by *Doolittle & Shoemaker*, and oral argument by *L. A. Doolittle.*

*C. T. Bundy*, for the respondent.

MARSHALL, J. Plaintiff commenced an action against defendant in the circuit court, February 28, 1894. The complaint set out two causes of action, one of which, it was claimed, was referable by compulsory order, and the other not. Issue was joined, and thereafter the cause was referred to a referee to hear, try, and determine. Thereafter plaintiff commenced a second action to recover a second instalment on the claim set forth in one of the causes of action in the first suit. Issue was joined, and thereafter defendant's attorney moved the court for an order consolidating the two actions, which motion was granted by consent, and thereafter a motion was made by plaintiff's attorney for an order referring the consolidated action to the referee previously appointed, which motion was granted, against the objection of defendant's attorney. From the order this appeal was taken.

It does not appear that the order referring the first action to the referee was ever vacated. It was discretionary with the court to grant or refuse the motion to consolidate the two actions. *Blesch v. C. & N. W. R. Co.* 44 Wis. 593. Therefore we hold, as a matter of practice, that the court, in granting the order appealed from, had a right to assume

that defendant's attorney, by his motion to consolidate the two actions, consented that the consolidated action should be tried before the referee, and to make the order accordingly. It would have been perfectly competent for the court, in granting the order of consolidation, to have done so on terms that the consolidated action should be referred to the referee. The order of consolidation having been granted, it was a mere matter of form, under the circumstances, to enter the order appealed from. The second action, under the circumstances, merged in the first. Moreover, the consent to refer the first action amounted to a tacit admission that it contained a referable issue; hence the court, as an original proposition, could have referred the whole case under sec. 2864, R. S. *Littlejohn v. Regents of University*, 71 Wis. 437.

*By the Court.*— The order of the circuit court is affirmed.