HON. YOUNG J. POPE, CHIEF JUSTICE.
HON. EUGENE B. GARY, ASSOCIATE JUSTICE.
HON. IRA B. JONES, ASSOCIATE JUSTICE.
HON. C. A. WOODS, ASSOCIATE JUSTICE.

## WILLIAMS v. WEEKS.

1. PROBATE JUDGE—GUARDIAN BOND—SURETIES.—It is the duty of a probate judge to require the general guardian of a minor to strengthen his old bond or give a new one, when it is brought to his attention that such guardian is about to receive funds not in contemplation when original bond was executed, and in taking and approving such bond, he acts in a ministerial capacity.

2. IBID.—IBID.—IBID.—BURDEN OF PROOF.—Probate judge in this case did not exercise due care in ascertaining if sureties offered on guardian bond were solvent, and where insolvency of sureties at time of execution is shown, the burden of showing inquiry as to solvency is on the officer.

3. IBID.—IBID.—IBID.—Guardian bond should be taken for double the amount of the trust fund, and on failure of probate judge to take a good bond for such amount, he and his sureties are liable therefor.

4. IBID.—IBID.—IBID.—NULLA BONA.—The lands of a deceased surety on bond of probate judge in possession of heirs after partition may

be sold in suit against probate judge and his sureties for failure of probate judge to take good guardian bond, without *nulla bona* return in that action against deceased surety, but upon showing in partition suit that there were no funds in hands of administrator of deceased surety.

5. REFERENCE—JURY—WAIVER.—Consent order of reference to take evidence waives right of trial by jury.

6. OFFICIAL BOND—PRACTICE.—In suit on official bond, practice is to enter judgment for the penalty, and direct advertisement for presentation and proof of other breaches.

Before PURDY, J., Barnwell, April, 1904. Affirmed.

Action by Lillian Williams *et al.* against T. S. Weeks and the sureties on his official bond, and administrator and heirs of a deceased surety. From Circuit decree, defendants, Weeks and administrator and heirs at law of deceased surety, appeal.

*Messr. Izlar Bros.* and *H. F. Rice,* for appellants, cite: *Allegations of complaint are not sufficient to make it creditor's bill:* Story Eq. Plead., 99-152 ; 2 S. C., 140 ; 27 S. C., 318. *Reference to take evidence does not waive right to jury trial:* Code Proc., 288 ; 32 S. C., 585 ; 25 S. C., 72, 267 ; 53 S. C., 129 ; 55 S. C., 379. *In this action lands should not be sold by order of Court:* 8 Ency., 2 ed., 1088, 1089, 1091, 1094, 1097, 1098. *Burden of proof is on plaintiff:* 5 Rich., 477. *Requiring additional bond is judicial:* 12 Ency., 1 ed., 50 ; 2 N. & McC., 168 ; 5 Rich. Eq., 477.

*Mr. B. T. Rice,* contra, cites: *It is duty of probate judge to take new or additional bond:* Con. 1868, art. IV., sec. 20 ; Code Proc., 51 ; Rule 15 Probate Court; Rule 42 C. C. ; 4 S. C., 165. *That administrator has no assets may be shown otherwise than by nulla bona return:* 60 S. C., 350 ; 21 S. C., 159 ; 6 S. C., 65, 361. *Practice in suits on official bonds:* 18 S. C., 373.

September 23, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS.    J. M. Ulmer was appointed by the probate judge of Barnwell County guardian of the plaintiff and her brothers while they were minors, and gave bond in the sum of $300, which was regarded adequate for the small estate then in view.    The administrators of an estate in which the minors were interested subsequently represented to T. S. Weeks, probate judge, that the guardian had received about $500 and was about to receive $351.78 more, and for this reason they petitioned that the guardian be required to strengthen his bond or to give a new one sufficient to protect his wards' estate.    The plaintiffs allege a new bond of $800 was actually required and taken by the probate judge, but that the bond so taken was inadequate in amount and utterly worthless, the sureties being notoriously insolvent.    Suit was instituted by the plaintiff and her brothers against the guardian, and judgment recovered for $1,842.44, which remains unsatisfied.    The plaintiff now sues on the official bond of the probate judge, alleging breach of duty of that official in taking a worthless and inadequate bond from her guardian.    The Circuit Court held the probate judge and his sureties liable.

In their appeal, the defendants first submit it was not the duty of the probate judge to require or take any new bond, and, therefore, he could not be liable for taking a worthless bond.    There is no express statutory direction to the probate judge in such cases, but the general provisions of law make his duty clear.

The Constitution of 1895, art. V., sec. 19, provides: "the jurisdiction * * * in business appertaining to minors * * * shall be vested as the General Assembly may provide, and until such provision such jurisdiction shall remain in the court of probate as now established."    This is in accord with sec. 20, art. IV., of the Constitution of 1868.    The following sections of the Code of Procedure were in force when the Constitution of 1895 was adopted:

"Section 38.    The judge of probate shall have jurisdiction in relation to the appointment and removal of guardians of

minors, insane and idiotic persons, and persons *non compotes mentis,* and in relation to the duties imposed by law on such guardians, and the management and disposition of the estates of their wards. * * *"

"Section 51. The probate court by which a guardian shall be appointed shall have jurisdiction of the estate of the ward, and shall be alone authorized to permit the sale of such estate, and settle such guardian's accounts."

In addition to these direct constitutional and statutory provisions, Rule XV. of the probate court is as follows: "In all cases not provided for by any of the foregoing rules, the rules of the Circuit Court, so far as they can be made applicable, shall govern." This makes Rule XLII. of the Circuit Court apply to probate courts, and it provides: "After the appointment of the general guardian of an infant, he shall not be entitled to receive any money or other property, to which the ward shall thereafter become entitled until the court is satisfied, upon due inquiry, that he has given a good and sufficient bond to account therefor." This Court is inclined to the opinion that this rule has reference more particularly to funds belonging to wards in the hands of the court, or under its control, and that it, therefore, has no application to this case. But be that as it may, the court of probate is, under the Constitution and the statutes quoted, not an inferior court, but a court of independent and general jurisdiction of certain special subjects, among which are matters appertaining to the estates of minors and the duties imposed by law upon their guardians. It was, therefore, clearly within the jurisdiction and duty of the probate judge, when jeopardy of the minors' estate was brought to his attention, to inquire into the sufficiency of the bond, and, if necessary, to require a new one of adequate amount, with sufficient sureties. The probate judge being an officer charged with both judicial and ministerial duties, it is often quite difficult to say whether in a particular instance he is acting judicially and is liable only for corrupt action, or ministerially, and liable for a failure to perform his duty with discretion and

care. If we assume in this instance, however, that he acted in his judicial capacity in holding after inquiry a new bond to be necessary, when he had reached that conclusion, his action in taking the new bond was ministerial. In that view the case would be just as if the Circuit Court had ordered a trustee to give a new bond to be approved by the clerk of the Court; the order that the bond be given would be a judicial act, the clerk's act in taking it and approving the sureties would be ministerial. Whatever views may be entertained in other jurisdictions, that the taking of a bond and approving the sureties is the discharge of a ministerial and not a judicial function is established in this State beyond controversy by the case of *McRae* v. *David,* 5 Rich. Eq., 475. Chancellor Johnstone in that case says: "The mere circumstance, that an official act demands, on the part of the officer, the exercise of discretion, vigilance, circumspection or prudence, is not sufficient to make it a judicial act. Many acts, clearly recognized in law as ministerial, require the exercise of these qualities, as, for instance, of a sheriff making levies, taking bail, etc."

It is insisted, however, that there is no evidence that Weeks as probate judge considered the matter and concluded to require a new bond, or that he ever, in fact, approved or received it. It is true, the new bond was not formally marked approved, but it was filed and recorded by the probate judge, and the testimony was that by the custom of the office such action was never taken until after approval. This was strong evidence that the bond was required and that it was approved, and being undisputed it was conclusive.

The appellants next charge error in the finding of the Circuit Judge that the probate judge "did not use due care and did not institute such inquiry as would have shown him the true status of the matter, and if he had done so he would have ascertained the true amount for which a bond should have been given, and from the proof he did not exercise due care in accepting the sureties on the bond which he took." The insolvency of the sureties at

the time the bond was taken and ever since was established by plenary proof, and there was no effort to show that the probate judge made any inquiry as to their names, or even that he supposed them to be able to respond to any default of the guardian. Public officers are presumed to do their duty, but when it is shown that utterly insolvent sureties have been taken on a bond, the public officer then has the burden cast upon him of showing that he used due diligence in ascertaining their solvency.

In the exercise of due care, public officers, in the absence of direct statutory regulation, should follow the analogy of the statutes on such subjects, and require bonds of trustees to be in an amount double the value of the trust funds.

While there is no express statutory requirements as to new bonds of guardians, the original bond is required to be in double the value of the estate. In this case no excuse or explanation of the inadequate amount was attempted. The record shows the estate of the wards of which the probate judge had notice amounted to at least $851.78. This was already protected by a bond for $300, taken by his predecessors in office. The liability to the plaintiff and her brothers should be limited to the amount for which he should have taken the new bond, that is, double the value of the estate known to him less $300, the amount of the first guardianship bond.

In a second cause of action set up in the complaint, the plaintiff seeks to have the assets of the estate of Robert Hightower marshaled and his lands, which had been partitioned among his heirs, subjected to the payment of his liability as surety of Weeks, probate judge, on account of his failure to take a sufficient guardianship bond. The Circuit Judge refused to marshal the assets of the estate of Hightower, but held that the plaintiff was entitled to have the lands sold on account of this liability.

After ordering judgment for $5,000 to be entered against Weeks and his sureties other than Hightower under the first cause of action, the Circuit Judge, under the second cause of

action above stated, directed the master to ascertain the claimants who may have been damaged by the official default of Weeks as probate judge, and to that end he was directed to advertise for such claimants, with leave to the parties interested, upon the coming in of the master's report, to apply for an order for the sale of the lands of Robert Hightower, surety, in the hands of his heirs.

The objection that there was no direct action to subject the lands to payment of the ancestor's debt cannot be sustained, because this relief was asked and the facts stated in the complaint as to the second cause of action made it appropriate.

The exceptions do not distinctly raise the question whether a *nulla bona* return on an execution against the administrator was necessary before this suit should be commenced against the heirs to subject lands descended to the payment of the ancestor's debt, but as the point was argued on both sides, it will be considered. In the case of *Brock* v. *Kirkpatrick,* 60 S. C., 322, 38 S. E., 779; 69 S. C., 231, it has been held that the right of action in such case accrues when a return of *nulla bona* has been made on an execution against the executor or administrator. A *nulla bona* return of the sheriff is nothing more, however, than evidence of the official ascertainment by the proper officer of the fact that the executor or administrator has no personal effects of the ancestor subject to levy. In this case, the records of the Court of Common Pleas in the suit to partition the lands of Robert Hightower among his heirs was introduced in evidence, and from this record it appears the Court adjudged that the administrator had no assets, and that, on the contrary, the estate was indebted to him. Such an adjudication in a cause to which the heirs were parties was manifestly even more conclusive of the absence of personal assets than the sheriff's return of *nulla bona.* It is true, this fact appearing from the partition record was not alleged in the complaint, but there was no demurrer to the complaint, and

the partition record was fully set out in the answer of the heirs of Robert Hightower.

The sureties, Green and Bodiford, have not appealed, and hence questions as to their liability, as to whether they were made parties to the cause, and of the effect of the Circuit decree on them, are not before this Court.

The defendants next insist they were entitled to have the first cause of action, which was the alleged breach of the bond of the probate judge, tried by a jury. The second cause of action was admitted to be equitable. There was a consent order for the master to take and report the testimony on the entire case. Where parties consent to an order of reference to take testimony, they must be held to consent to the incidents of such an order, one of which is trial by the Court. *Griffith* v. *Cromley,* 58 S. C., 448, 36 S. E., 738.

The Circuit Court followed the practice laid down in *State* v. *Moses,* 18 S. C., 366, in decreeing that a judgment be entered for the penalty of the bond of Weeks as probate judge, and directing the master to advertise for claims and report them to the Court.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.