WHALEN, Respondent, vs. EAGLE LIME PRODUCTS COMPANY, Appellant.

WHALEN, Respondent, vs. EAGLE LIME PRODUCTS COMPANY and another, imp., Appellants.

*October 11—October 28, 1913.*

*Trial: Findings: Insufficiency: Appeal: Determination and disposition of cause: Mechanics' liens: Entire contract: Substantial performance: Preventing performance: Extra work: Actions: Consolidation.*

1. In an action to foreclose a mechanic's lien, where the complaint alleged that plaintiff was prevented from full performance by acts of the defendant, a finding that plaintiff failed to complete his contract, without any determination as to whether defendant was responsible for such failure, was defective.

2. Upon an appeal in such case from a judgment for plaintiff it becomes necessary for the supreme court to examine the evidence to ascertain whether the judgment is clearly supported by a preponderance thereof, and, if not so supported, to determine whether the preponderance is so clearly the other way that judgment for the defendant should be ordered, or whether there should be a new trial.

3. A contract to build a definite piece of railroad complete, doing all grading, surfacing, putting in all culverts, cattle passes, and road crossings, and laying the rails, furnishing all materials except rails, ties, fish-plates, angle bars, and spikes, and to have the work completed by a date named, for a specified sum to be paid in instalments upon engineer's estimates less fifteen per cent., is an entire contract, and without at least substantial performance there can be no recovery of an unpaid balance of the contract price.

4. When work to the amount of more than $3,000 remains to be done on a $10,000 contract, there is clearly a failure of substantial performance.

5. Upon the evidence in this case it is *held* that plaintiff was not prevented from completing his contract to construct a railroad by defendant's failure either to make the stipulated payments or to furnish the required materials.

6. Proof that men employed by plaintiff refused to work because defendant declined to guarantee their pay does not excuse nonperformance, since defendant was not obliged to do that.

7. The mere fact that plaintiff had done extra work to the value of $25 did not justify a recovery in an action upon an uncompleted entire contract, where he had already received over $5,000 in cash. The court should in such case apply $25 from the payments already made in discharge of that item.

8. Although plaintiff failed to complete an entire contract for building a railroad to defendant's manufacturing plant, nevertheless for work done by him at defendant's request in filling and grading around the plant, which was entirely independent of the building of the railroad, he is entitled to recover and to enforce a lien against such plant.

9. The question of consolidation of actions is always one of discretion with the trial court.

APPEALS from judgments of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *One judgment reversed; the other reversed in part.*

These are mechanics' lien actions, the first being brought

to foreclose a lien upon a railroad track and right of way six miles in length, running from the Chicago & Northwestern Railway station at Dousman, Waukesha county, southward to the manufacturing plant of the *Eagle Lime Products Company,* a corporation, and the second to foreclose a lien upon said plant and the lands upon which the buildings stand.   The first action is against the corporation alone, the second against the corporation and *William H. Lindwurm,* who are alleged to be the owners of the plant, joining also as a defendant the Citizens Trust Company, a corporation, which is alleged to have a subsequent interest in or lien upon the plant.   Both actions were referred to Charles H. Welch, Esq., as referee, and by consent they were tried together on the same evidence.   The referee, after trial, made a single report covering both actions containing the following findings of fact and conclusions of law:

### "*Findings of Fact.*

"That the plaintiff, *Joseph Whalen,* is a general contractor. That the defendant *Eagle Lime Products Company* is a corporation duly organized and existing under the laws of the state of Wisconsin.   That on the 18th day of September, A. D. 1908, the plaintiff, *Joseph Whalen,* and the defendant *Eagle Lime Products Company* entered into a written contract, consisting of a proposition, acceptance and exhibits filed herein and marked 'Exhibit A,' wherein and whereby the said *Joseph Whalen* undertook to build a railroad upon the right of way owned by the *Eagle Lime Products Company,* said land and right of way being in the towns of Ottawa and Eagle, Waukesha county, Wisconsin, and described in detail in plaintiff's complaint, connecting defendant's plant with the Northwestern Railway at Dousman, Wisconsin.   That defendant *Eagle Lime Products Company* was to furnish the rails, ties, fish-plates, angle bars and spikes to be used in the construction of said railroad, and was to put in the bridge at Scoopernong Creek.   That the plaintiff was to construct the railway entirely complete, doing all grading, surfacing, putting in all culverts, cattle passes, road crossings, and laying of the rails; to furnish all material for culverts,

cattle passes and road crossings, and to do the work in a first-class workmanlike manner. That he was to have said work thoroughly completed in a satisfactory manner by the 15th day of December, A. D. 1908.

"That the contract price for said work was to be $10,650, to be paid upon estimates made every thirty days, the first estimate to be made thirty days from the beginning of the work and the amounts to be paid according to such estimates, minus fifteen per cent.

"That the plaintiff entered upon the performance of said contract and continued up to the 18th day of December, A. D. 1908. That prior to the 18th day of December, 1908, there had been delays in furnishing rails, ties, angle bars and fish-plates. That the plaintiff suffered damage by said delays in the sum of $200.

"That upon said 18th day of December the plaintiff had not completed the contract. That differences arose between the plaintiff and defendant company, the plaintiff claiming he had practically finished the work under the contract, and the defendant claiming that he had already paid plaintiff more than was due him for the work already done. That plaintiff refused to proceed further unless advanced more money. That after some negotiations an estimate was made by F. C. Blunt, an engineer of the Chicago & Northwestern Railway, who had been on the work of supervising engineer since its inception, in which Mr. Blunt found that it would require $3,700 to complete the work according to the contract. That plaintiff refused to accept the figures of the engineer, and subsequent to this time did no further work under the contract except a small amount of spiking in January, 1909; and ceased work entirely on January 25, 1909.

"That on December 26, 1908, the defendant company served notice on the plaintiff that he had not completed his contract according to the terms thereof, nor on the date fixed for its completion, to wit, December 15, 1908, and demanded that he complete said work without delay. That defendant further offered to waive the retaining of the fifteen per cent. and allow plaintiff to receive a balance at that time of $1,556.60 with which to meet the payments for labor and complete the work. Defendants also expressed themselves willing, if sufficient work could be completed during the

present season, and for which the engineer had estimated that $3,700 be withheld, to advance and pay for such uncompleted work, or any portion which was completed and done to the engineer's approval. That plaintiff still failed and neglected to proceed with the completion of the contract, and upon the first day of February defendant served upon the plaintiff notice that owing to his neglect they were obliged to take in charge the construction of the road to prevent an increase of damages due to his default, and gave him due and final notice that the contract and specifications between plaintiff and defendant were rescinded and that plaintiff's connection with the railroad was terminated; that they would take the work in charge and complete the same according to the specifications, holding plaintiff and his bondsmen liable for any losses.

"That defendant company thereupon proceeded to complete the contract and did complete it. That they necessarily expended for labor in so doing the sum of $3,013.08; and were obliged to and did use a locomotive in hauling gravel in connection with said work at a cost of $200 additional.

"That the plaintiff performed extra work and labor for the defendant *Eagle Lime Products Company* in putting in an extra culvert and doing some extra filling, all of the value of $25.

"That the plaintiff performed extra labor for the defendant *Eagle Lime Products Company* upon the land owned by the defendants, *Eagle Lime Products Company* and *William H. Lindwurm,* in filling in around the plant, to the amount of $405.30.

"That the plaintiff has received from the defendant *Eagle Lime Products Company,* in cash, moneys advanced to help on plaintiff's orders and for his account, and for freight and other items, $6,643.36.

"From the foregoing I find that the account between the plaintiff and the defendants should be stated as follows:

*Joseph Whalen*
          In account with
*Eagle Lime Products Company.*

|  |  | Cr. |  |  |
|---|---|---|---|---|
| Contract price | " | $10,650 | 00 | |
| Extra filling at plant | " | 405 | 30 | |
| Extra cattle pass and filling | " | 25 | 00 | |
| Damages for loss of time of men | " | 200 | 00 | |
| | | | | $11,280 30 |

| | Dr. | |
|---|---|---|
| To amount admitted to have been received, including cash and amounts paid upon orders and agreed journal items ........................... " | $6,618 90 | |
| To journal items allowed, not included in the above....................... " | 24 46 | |
| To use of engine and crew, ten days at $20 per day.......................... " | 200 00 | |
| To cost of completion of road.......... " | 3,013 08 | |
| | | 9,856 44 |
| Balance due plaintiff.......... | | $1,423 86 |

"That plaintiff duly filed his claims for lien as set forth in his complaints, and that such liens are now valid and existing liens upon the properties described in the complaint.

### "Conclusions, of Law.

"That the plaintiff, *Joseph Whalen,* have judgment against the defendant *Eagle Lime Products Company* upon the cause of action set out in his complaints herein for the sum of $1,423.86, with interest from February 1, 1909; and that the plaintiff have a valid lien against the defendant *Eagle Lime Products Company,* upon the land described in the complaint in his action against the *Eagle Lime Products Company,* in the amount of $1,018.56, with interest from February 1, 1909; that the plaintiff have a valid lien against the *Eagle Lime Products Company* and *William H. Lindwurm* upon the land described in the complaint in his action against the *Eagle Lime Products Company* and *William H. Lindwurm* in the amount of $405, with interest from February 1, 1909."

Motions by the defendants to consolidate the two actions and to modify the referee's report were denied, and the report was confirmed by the court and separate judgments entered, in the first action against the corporation for $1,018.56, with interest thereon since February 1, 1909, and costs, and declaring and foreclosing a lien therefor upon the railroad right of way, and in the second action, against both the corporation and *Lindwurm,* for $405.30, with interest from February 1, 1909, and costs, and declaring and foreclosing a lien therefor upon the manufacturing plant aforesaid. Appeals are now prosecuted from both judgments.

For the appellants there were briefs by *Nath. Pereles & Sons,* and oral argument by *Daniel W. Sullivan* and *A. L. Strouse.*

For the respondent the cause was submitted on the brief of *Merton, Newbury & Jacobson.*

WINSLOW, C. J.   We meet the same difficulty in these actions as in the action of *Cointe v. Congregation of St. John,* 154 Wis. 405, 143 N. W. 180.   The statute requiring findings of the ultimate facts has not been complied with.   The plaintiff brought the main action to foreclose a lien upon the railroad, alleging that he had fully performed his contract. At the close of the evidence he was allowed to amend his complaint so as to allege that he was prevented from full performance by the refusal of the defendant corporation to pay the plaintiff on monthly estimates as the contract required, and by failure to furnish materials, and by reason of the direction of the company that he cease work.

The referee's report finds that the plaintiff did not complete his contract, but this finding only made the question whether the plaintiff had been prevented from completing the same by any act of the corporation more vital.   The ultimate facts in this regard were whether such completion had been prevented by (1) the failure to make payments as the contract required, (2) the failure to furnish materials as the contract required, or (3) an unjustifiable direction to cease work.   Upon neither of these ultimate facts was there any finding, either by the referee or the court.   This situation makes it necessary for this court to examine the evidence to ascertain whether the judgment is clearly supported by a preponderance of the evidence, and, if not so supported, to ascertain whether the preponderance is so clearly the other way that judgment for the appellant should be ordered, or whether there should be a new trial in order to accomplish the ends of

justice.  *Closuit v. John Arpin L. Co.* 130 Wis. 258, 110
N. W. 222.

It is very certain that the contract sued on in the first ac-
tion was an entire contract and that it was never substan-
tially performed.  We shall spend no time on this question.
When work to the amount of more than $3,000 remains to be
done on a $10,000 contract, it would be absurd to say that
the contract was substantially performed.

Turning to the question whether the evidence shows that
the plaintiff was prevented from carrying out his contract,
either by failure to make the stipulated payments or by fail-
ure to furnish the required materials, we are compelled to say,
after careful study of the case, that neither fact is proven.
The provision for monthly estimates was not regarded as es-
sential or important by either party for the first two months.
The company made large payments, which on December 19th
amounted to $5,393.40.  Both parties then seem to have
agreed that an estimate of the work remaining to be done
should be made by Mr. Blount, an engineer employed by the
Chicago & Northwestern Railway, and who was the engineer
in charge of the work.  Mr. Blount made an estimate show-
ing that the work still to be done amounted to $3,700.  This
was the only estimate made, and the plaintiff does not seem
to have ever demanded another.  On the basis of this esti-
mate there had already been done work to the amount of
$6,950, of which eighty-five per cent. would amount to
$5,907.50.  At that time the defendant company had paid
$5,393.40, leaving on this basis $514.10 as the amount then
owing on the eighty-five per cent. basis.  One week later the
defendant company made a written proposition to the plaint-
iff, offering to pay him this amount, and also offering to waive
the eighty-five per cent. clause and pay plaintiff the entire
balance for work done at that time, as shown by the estimate
of Blount, amounting to $1,042.50, but insisting that the

work must be completed and requiring consent of plaintiff's bondsmen that this variation be made in the contract before making the payment.

We are entirely satisfied from careful perusal of the evidence that the plaintiff's claim that he was prevented from fulfilling his contract, either by failure to make the monthly payments or by failure to furnish materials, is without any substantial foundation in the evidence. There was some delay in furnishing some of the materials which doubtless delayed the work for a time, but the claim that it prevented ultimate performance is entirely unsustained. The plaintiff's own evidence is contradictory and confusing to a degree. At one time he says that if he had got his pay December 19th he would have finished the work; at another time that if he had been furnished the material he would have finished it; at another time that he did not complete it on account of lack of ties, spikes, and force of weather. It is admitted that about January 26th, and after the defendant had again demanded that plaintiff proceed with the work, a gang of men in plaintiff's employ were set to work spiking rails to ties; that the men quit work because Mr. Campbell (defendant's manager) came along where they were at work and told the men that he would not be responsible for their pay. It is clear that at this time the plaintiff had not concluded to abandon the work, and it is equally clear that the materials necessary had been on hand for a considerable time, and that the only real obstacle in the way of the plaintiff was the fact that men would not work for him because they were afraid they could not get their pay unless the defendant company guaranteed it. The defendant company had never contracted to do this and was not obliged to do it.

Not only does the evidence fail to prove that the plaintiff's breach of contract was the result of defendant's default, but it proves quite satisfactorily the reverse. We conclude that there can be no recovery upon the contract. The item of $25

for extra work done at a cattle pass does not seem to be disputed, but it is quite plain that it would not be just to order a recovery for this item. In view of the circumstances the court must apply $25 from the payments already made to the discharge of this item.

We are urged by the appellant company to direct entry of judgment in its favor against the plaintiff for more than $4,000, being the sum which it claims it was obliged to pay out to complete the work over and above the contract price of $10,650. We have examined the evidence and concluded that the claim is untenable. The estimate of the engineer in charge, made in December, was that the work could be completed according to the contract for $3,700. The referee found that the necessary cost of completion was $3,013.08. We are clearly of opinion that the present claim of appellant contains large sums not properly within the field of necessary cost. Without enlarging on this question, we simply express our conclusion that upon no fair estimate could the cost of completion properly exceed the unpaid balance of the contract price.

As to the second action, which involves a claim for grading and filling about the company's plant, we shall state simply conclusions.

While the complaint charged that the company and the defendant *Lindwurm* together promised to pay for this work, and the court entered personal judgment for the amount of the work against both, we find no evidence that *Lindwurm* ever made such a promise or became personally responsible for the payment; hence the personal judgment against him cannot stand.

In other respects the judgment seems to be right. It was admitted on the trial that such filling was done to the amount of $405.30, and it seems to have been work entirely independent of the building of the railroad. No reason is perceived why the plaintiff should not have a lien for that amount.

A motion was made by the defendant company after the trial by the referee to consolidate the two actions, and the denial of this motion is alleged as error.

The question of the consolidation of actions is always one of discretion with the trial court. *Eau Claire F. & S. Co. v. Laycock,* 92 Wis. 81, 65 N. W. 732. It is very much to be desired that where consolidation is possible it should be ordered by the trial courts in the interest of expediting litigation and decreasing the expense thereof. Inasmuch, however, as the conclusions which we have reached dispose of the main action favorably to the appellant and relieve it of any possible duplication of costs, the question becomes to all intents and purposes academic, and we do not feel obliged to pass upon it in this case.

So far as the action to foreclose the lien upon the railroad right of way is concerned, the judgment therein must be reversed with costs, and the action remanded with directions to dismiss the complaint. So far as the action to foreclose the lien upon the plant is concerned, that part of the judgment adjudging a personal recovery against *William H. Lindwurm* must be reversed without costs, and the remainder of the judgment must be affirmed with costs.

*By the Court.*—It is so ordered.