## CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF SOUTH CAROLINA.

---

Justices of the Supreme Court during the Period comprised in this Volume.

Hon. WILLIAM D. SIMPSON, Chief Justice.
Hon. HENRY McIVER, Associate Justice.
Hon. SAMUEL McGOWAN, "        "

---

## STATE v. CARTER.

1. Section 1731 of the General Statutes, which provided that "no license for the sale of intoxicating liquors shall be granted in South Carolina outside of the incorporated cities, towns, and villages of the State. And it shall be unlawful for any person to sell such liquors without a license so to do"—was not repealed as to a sale of liquors outside of the incorporated towns, &c., of Berkeley County before the passage of the act of 1886, which authorized licenses to be granted for the sale of liquors in said county, and repealed all parts of acts inconsistent therewith. And, therefore, for such offence a party might be convicted and punished after the act of 1886.

2. A party cannot be punished under a repealed statute, but in this case there was no repeal of that law which the defendant had violated—the sale of liquors without a license.

Before FRASER, J., Berkeley, June, 1887.

The opinion fully states the case.

*Messrs. Lord & Hyde,* for appellant.

*Mr. Jervey, solicitor,* contra.

February 1, 1888.   The opinion of the court was delivered by
MR. JUSTICE McGOWAN.   At the June term of the court
(1887) for Berkeley County, the defendant was indicted for sell-
ing spirituous liquors without a license in February, 1886.   He
was convicted, and before sentence moved in arrest of judgment.
The presiding judge overruled the motion, and the defendant
appeals to this court upon the following grounds: "I. Because
his honor erred in holding that so much of section 1731 of the
General Statutes, as prescribes that it shall be lawful, &c., as far
as the provisions of the same refer to Berkeley County, had not
been repealed by the act of December 24, 1886, entitled 'An act
to provide for the issuing of license to sell spirituous and intoxi-
cating liquors, ale, malt, and wine in Berkeley and Beaufort
Counties,' &c.   II. Because his honor erred in holding that sec-
tion 1734 of the General Statutes, so far as the same refers to
Berkeley County, had not been repealed by the said act of De-
cember 24, 1886."

In 1880, the legislature of this State passed a law (now sec-
tion 1731 of the General Statutes), which provides that "no
license for the sale of intoxicating liquors shall be granted in
South 'Carolina outside of the incorporated cities, towns, and vil-
lages of the State: *and it shall be unlawful for any person or
persons to sell such liquors without a license so to do."*   And a
subsequent section (1734) imposes penalties for violations of the
law.   In December, 1886, a law was passed which provides "that
from and after the approval of this act, it may be lawful for the
county commissioners of Berkeley and Beaufort Counties to issue
licenses for the sale of spirituous and intoxicating liquors, &c., in
their respective counties, to such persons as may conform to the
provisions of this act.   *   *   *   That all acts and parts of acts
inconsistent with this act be and the same are hereby repealed, so
far as Berkeley and Beaufort Counties are concerned, except as to

the incorporated towns and villages, in which the provisions of law as now existing shall remain in force." 19 *Stat.*, 658. The offence charged in the indictment was committed in Berkeley County in February, 1886, before the passage of the act of December of that year, which authorized the commissioners of that county to grant licenses to retail; but as the defendant was tried and convicted in 1887, after the passage of the latter act, his counsel makes the point, that in effect the latter act repealed the former, and that there is now no law of force under which he may be punished.

It is quite clear that the act of 1886 was not intended to be retrospective and to apply to offences committed before its passage; for, by the terms used, it was to take effect only "from and after the approval of the act." And it is also just as clear that it did not repeal so much of section 1731 of the General Statutes as declares it "unlawful for any person to sell spirituous liquors without a license so to do;" for the repealing clause was expressly limited to all acts and parts of acts which were "inconsistent" with the act. The act made no provision whatever as to the legality or illegality of retailing without a license, but only provided that in Berkeley and Beaufort the county commissioners might "issue licenses for the sale of spirituous liquors." It seems to us that there was nothing in this "inconsistent" with the general law making it illegal to retail spirituous liquors without a license. On the contrary, it would seem that the very provision authorizing licenses to be issued, could only be necessary in the view and upon the assumption that retailing without such license continued to be unlawful. We do not think that general law was repealed by the act of 1886, in the counties of Berkeley and Beaufort.

It is said that in a criminal proceeding the law is so tender as to the rights of the accused, that it will not permit one to be punished under a law which has been superseded or repealed before conviction. That is undoubtedly the humane provision of the law; but we fail to see how it can be made applicable here. The defendant, in February, 1886, committed the offence of retailing without a license in Berkeley County, and it is not denied that at that time he was amenable to indictment and punishment. In

December, 1886, a law was passed which authorized the commissioners of that county to grant licenses to retail, which, as we have endeavored to show, did not repeal the law which made and still makes it illegal to retail spirituous liquors without a license. Although the county commissioners of Berkeley now have the right to grant such licenses, they are not obliged to do so; and we suppose that, in case of their refusal, it would still be an offence in Berkeley to retail without a license. We concur with the Circuit Judge when he said: "I have no doubt that when there has been a clear and full repeal of a statute creating an offence, no punishment can be inflicted after the repeal. I do not think this is a case of that kind, but it is like the cases of *State* v. *Cole*, 2 *McCord*, 1, and *State* v. *Taylor*, *Ibid.*, 484, in which the new acts carried along with them, and as a part of the statute law, the old provisions."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.