UNITED STATES of America,
Plaintiff,

v.

**CLOVER SPINNING MILLS COMPANY,**
Inc., South Carolina Employment Security Commission, South Carolina Tax Commission and the County Treasurer of York, South Carolina, and the Town of Clover, South Carolina, Defendants.

Civ. A. No. 4229.

United States District Court
W. D. South Carolina,
Rock Hill Division.

Sept. 6, 1965.

"One of said mortgages was denominated 'Real Estate Mortgage' and was recorded on December 18, 1959, in Book 235 of Real Estate Mortgages at page 22, in the records of the Clerk of Court for York County, South Carolina.

"The second of the two said mortgages is denominated 'Chattel Mortgage' and was recorded on December 18, 1959, in Book 19-B of Chattel Mortgages at page 464 of the records of the Clerk of Court for York County, South Carolina.

"The above said note was further secured by a mortgage hereinafter described.

John C. Williams, U. S. Atty., James D. McCoy, III, and Geddes Hugh Martin, Asst. U. S. Attys., Greenville, S. C., for plaintiff.

Robert G. Horine, Gen. Counsel, Columbia, S. C., for South Carolina Employment Security Commission.

James M. Windham, Asst. Atty. Gen. of South Carolina, Columbia, S. C., for South Carolina Tax Commission.

John M. Spratt, York, S. C., for York County.

James M. Dickson, Clover, S. C., for Town of Clover.

WYCHE, District Judge.

The facts in this case have been stipulated by the parties as follows:

"Defendant corporation, Clover Spinning Mills Company, Inc., is a Delaware corporation, with its principal place of business at Clover, South Carolina. On December 16, 1959, in consideration for a $300,000 loan from the Small Business Administration, an Agency of the United States, Clover Spinning Mills Company, Inc., executed and delivered to the Small Business Administration an interest bearing mortgage note in the sum of $300,000 payable in monthly installments.

"Among other things, to secure the payment of said note, defendant corporation, Clover Spinning Mills Company, Inc., executed and delivered its two mortgages to the Small Business Administration.

"Further on March 27, 1961, in consideration of a second loan from the Small Business Administration in the amount of $50,000, Clover Spinning Mills Company, Inc., executed and delivered its interest bearing mortgage note in favor of the Small Business Administration in the sum of $50,000 payable in monthly installments.

"To secure the payment of said note, defendant corporation, Clover Spinning Mills Company, Inc., on March 27, 1961, executed and delivered its mortgage to the Small Business Administration, said mortgage being denominated 'Real Estate and Chattel Mortgage' and recorded on March 29, 1961, in Book 251 of Real Estate Mortgages at page 16 in the records of the Clerk of Court for York County, South Carolina, said mortgage was also given to secure the payment of the said note of December 16, 1959, hereinbefore described.

"Default in the payments of the said notes was made by the Clover Spinning Mills Company, Inc., and on November 30, 1962, an action in foreclosure was instituted in this Court as Civil Action No. 4229 by the United States of America, plaintiff, praying among other things that the said mortgages be foreclosed, and the mortgaged property sold with the proceeds of sale to be applied to plaintiff's claims under its two notes.

"The defendant, South Carolina Employment Security Commission, filed its

answer herein claiming a lien upon the property of the defendant corporation, Clover Spinning Mills Company, Inc., for unpaid unemployment compensation taxes by reason of the filing of certain warrants in the Clerk of Court's office of York County, South Carolina, to wit: a warrant filed in Judgment Roll No. 25,-275, on July 19, 1962, calling for payment of unpaid contributions totaling Five Thousand Seven Hundred Twenty-Six and 43/100 Dollars ($5,726.43) ; a warrant filed in Judgment Roll No. 25,401, on August 30, 1962, for payment of unpaid contributions of Three Thousand, Seven Hundred Two and 42/100 Dollars ($3,702.42) ; and a warrant filed in Judgment Roll No. 25,768, on December 14, 1962, for payment of unpaid contributions for Four Hundred Ninety-Six and 53/100 Dollars ($496.53). The total amount of the South Carolina Employment Security Commission's claims total Nine Thousand, Nine Hundred Twenty-Five and 38/100 Dollars ($9,925.38).

"The defendant, South Carolina Tax Commission, filed its answer herein claiming a lien upon the property of the defendant corporation, Clover Spinning Mills Company, Inc., for unpaid withholding taxes of Clover Spinning Mills Company, Inc., in the amount of One Thousand, Four Hundred Eighty-Two and 95/100 Dollars ($1,482.95) including penalties and costs. Said lien was recorded on September 5, 1962, in the office of the Clerk of Court for York County, South Carolina, in Judgment Roll No. 25,422.

"The defendant, County Treasurer of York County, filed his answer herein claiming a lien upon the property of Clover Finishing Company, which was simply a trade name used by Clover Spinning Mills Company, Inc., in making return for taxes and other purposes, for unpaid personal property taxes, penalties and costs in the amount of Eight Thousand, One Hundred Forty-Two and 49/100 Dollars ($8,142.49) for the year of 1962, for unpaid real estate taxes assessed against property in the amount of Seven Hundred Thirty-Three and 49/100 Dol-

lars ($733.49) for the year of 1962, for unpaid personal property taxes due and assessed against the personal property with penalties and costs in the amount of Three Thousand, Nine Hundred Thirty-Seven and 08/100 Dollars ($3,937.08) for the year of 1963, and for unpaid real estate taxes assessed against property in the amount of Seven Hundred Ninety-One and 42/100 for the year of 1963. As a matter of law on December thirty-first a 'first lien' attaches on all real and personal property for taxes to be paid during the ensuing year. Code of Laws of South Carolina, 1962 Edition, Section 65–2702.

"The defendant, Town of Clover, filed its answer herein claiming a lien upon the property of the defendant corporation, Clover Spinning Mills Company, Inc., for unpaid personal property taxes with penalties for the year of 1962 in the amount of Five Thousand, Eight Hundred Forty-Four and 71/100 Dollars ($5,844.71), for unpaid real property taxes with penalties in the amount of Four Hundred Twenty-Five and 70/100 Dollars ($425.70) for 1962, for unpaid personal property taxes with penalties for the year of 1963 in the amount of Five Thousand, Eight Hundred Forty-Four and 71/100 Dollars ($5,844.71), and for unpaid real property taxes with penalties in the amount of Four Hundred Twenty-Five and 70/100 Dollars ($425.-70) for 1963. The defendant, Town of Clover, also alleged by its answer that it was due One Hundred Fifty-Four and 56/100 Dollars ($154.56) for water used by Clover Spinning Mills Company, Inc.

"On November 16, 1962, subsequent to the filing of the plaintiff's complaint in foreclosure, defendant, Clover Spinning Mills Company, Inc., filed a petition for arrangement under Chapter XI of the Bankruptcy Act and said petitioner caused to be entered an order authorizing the continued operation of Clover Spinning Mills, and during the pendency of the said bankruptcy proceedings enjoining the plaintiff from proceeding with its foreclosure action.

"On October 25, 1963, the Referee in Bankruptcy, after the plan of arrangement had failed, ordered dissolved the injunction restraining the plaintiff from foreclosing on its mortgages and authorized the plaintiff to proceed with the foreclosure, and on December 6, 1963, the said Referee filed a Notice of Dismissal and termination of the Chapter XI proceedings.

"By order of April 8, 1964, including Findings of Fact and Conclusions of Law, this court entered judgment against the defendant corporation, Clover Spinning Mills Company, Inc., in the principal sum of $263,436.56 with accrued interest thereon until date of judgment, and further ordered the sale of the said mortgaged property of Clover Spinning Mills Company, Inc., at public auction by J. Wright Nash, Receiver.

"Pursuant to said order, the Receiver sold the encumbered real estate and chattels realizing a total of approximately $160,130, which said fund, less certain disbursements therefrom is before the court for a determination of the rights of the claimants thereto."

The plaintiff concedes in its brief the priority of the claims of the County Treasurer of York County for unpaid real estate taxes assessed against the property, and of the Town of Clover for unpaid real property taxes.

The Town of Clover states in its brief that it "concedes that its claim for charges for water supplied to the Defendant, Clover Spinning Mills Company, Inc., does not constitute a lien which would be prior to the mortgage lien of the United States of America."

The South Carolina Employment Security Commission in its brief concedes that the claims of "the Commission are inferior and junior to the several liens of the Federal Government, as described in the Complaint."

Therefore, left for determination is the relative priority to be given the lien of the Small Business Administration and the claims of the South Carolina Tax Commission for unpaid withholding taxes and the claims of the County of York and the Town of Clover for personal property taxes.

█ In this determination federal law is applicable unless Congress has made state law applicable to determine the relative priority where a claim of the United States is involved.

The Small Business Administration Act has made state law determinative with respect to the relative priority of Small Business Administration's mortgage liens. Under the following provisions of 15 U.S.C.A. § 646, Small Business Administration liens are subordinated to state or local property taxes if under applicable state law, the tax lien would have priority over any party other than the United States: "Any interest held by the Administration in property, as security for a loan, shall be subordinate to any lien on such property for taxes due on the property to a State, or political subdivision thereof, in any case where such lien would, under applicable State law, be superior to such interest if such interest were held by any party other than the United States."

The claim of the South Carolina Tax Commission is for monies withheld by the defendant Clover Spinning Mills Company, Inc., from salaries or wages of its employees, being monies with which to pay income taxes of said employees.

Section 65–390, Code of Laws of South Carolina, 1962, provides: "LIABILITY OF AGENT FAILING TO WITHHOLD OR PAY TAX; SUMS HELD IN TRUST FOR STATE.—Every withholding agent who fails or neglects to withhold or pay to the Commission any sums required by this chapter to be withheld and paid shall be personally and individually liable therefor, and any sum or sums withheld in accordance with the provisions of §§ 65–379 to 65–385 shall be deemed to be held in trust for the State."

█ The Legislature has identified these monies as being held in trust, and they do not belong to the employer once they are withheld. They are not an as-

set of the employer. They are monies which have been earmarked and are entitled to be paid apart from the assets which would ordinarily be included in the estate of the employer.

Section 65–392, Code of Laws of South Carolina, 1962, provides: " * * * AMOUNT WITHHELD TO BE FIRST LIEN ON PROPERTY OF AGENT.— Any amount withheld from any taxpayer by a withholding agent shall be a first lien against all property, both real and personal, tangible or intangible, of the withholding agent, which lien shall take precedence over all others, it being specifically intended that the funds withheld by the withholding agent from any taxpayer shall be considered funds held in trust for the State by the withholding agent."

■■ Therefore, in my opinion, under applicable State law, the South Carolina income tax withheld from wages paid to its employees by Clover Spinning Mills Company, Inc., is a first lien against all property, both real and personal, of Clover Spinning Mills Company, Inc. and the funds withheld by Clover Spinning Mills Company, Inc., from its employees should be considered funds held in trust for the State by Clover Spinning Mills Company, Inc. and should not be treated as a part of the assets of the Clover Spinning Mills Company, Inc.

■ The personal property taxes involved herein were duly and legally assessed against said personal property by the South Carolina Tax Commission and such assessments were filed with the Auditor for York County who also presented such assessments to the Treasurer of the Town of Clover. Prior or first liens were thus established and created by the following statutory authority: Section 65–2701, Code of Laws of South Carolina, 1962: "TAXES A DEBT DUE STATE AND A FIRST LIEN UPON PROPERTY; ENFORCEMENT.—All taxes, assessments and penalties legally assessed shall be considered and held as a debt payable to the State by the person against whom

they shall be charged and such taxes, assessments and penalties shall be a first lien in all cases whatsoever upon the property taxed, the lien to attach at the beginning of the fiscal year during which the tax is levied. Such taxes shall be first paid out of assets of any estate of deceased persons or held in trust as assignee or trustee or the proceeds of any property held on execution or attachment. The county treasurer may enforce such lien by execution against such property or, if it cannot be levied on, he may proceed by action at law against the person holding such property."

Section 65–2702, Code of Laws of South Carolina, 1962, provides: "WHEN LIEN ATTACHED; PROCEDURE WHEN PROPERTY ABOUT TO BE MOVED.—As of December thirty-first a first lien shall attach to all real and personal property for taxes to be paid during the ensuing year, and in case such property is about to be removed from the State by bankruptcy proceedings or otherwise or is about to be taken from the jurisdiction of the county before taxes are due in the county and payable for any year, the treasurer of such county shall immediately issue his execution on such property and the sheriff of the county shall proceed to collect the taxes due on such property."

Section 65–2704, Code of Laws of South Carolina, 1962, provides: "CHATTEL TAX MAY BE RECOVERED BY DISTRESS OR SUIT.—If any chattel tax shall be unpaid at the time fixed for the payment thereof or returned delinquent, as authorized by this Title, the county treasurer may not only distrain property for the payment thereof, but may recover the tax, with the penalties thereon, by action at law, proceedings, in attachment or other means authorized by law to be used by private individuals in the collection of debts, which action or other proceedings shall be prosecuted in the name of such treasurer and if he shall die or go out of office before the termination of such action or proceeding or the final collection of the money, or any judg-

ment or other therein, his successor or successors may, from time to time, be substituted as plaintiffs therein."

The County of York and the Town of Clover acquired a lien on the personal property of the defendant Clover Spinning Mills Company, Inc., on January 1 of each year. In each instance the lien created by statutory authority was perfected by due and legal assessment by the State of South Carolina. Section 65–2701, Code of Laws of South Carolina, 1962, applies to all taxes, assessments, and penalties against all property of the taxpayer. It is clear that the Legislature intended that the tax lien granted under this statute would be prior to all other liens. The law provided in Section 65–2701, Code of Laws of South Carolina, 1962, was in full force and effect at the time the Small Business Administration acquired a mortgage lien on the personal property of Clover Spinning Mills Company, Inc.

The applicable statutory law of the State of South Carolina, as set forth above, makes provision for enforcing the lien created by Section 65–2701, Code of Laws of South Carolina, 1962, but the enforcement of the lien is purely administrative and is not a condition precedent to the validation of the tax lien.

Section 10–1711, Code of Laws of South Carolina, 1962, referred to in plaintiff's brief, does not relate to the lien acquired by the State or its political subdivisions for taxes under Section 65–2701, Code of Laws of South Carolina, 1962.

The Small Business Administration Act (15 U.S.C.A. § 646) sets up three separate requirements for Small Business Administration liens to be subordinated to state or local property taxes: (1) the state lien must be a lien on the particular property in controversy; (2) it must be for taxes due on the property; and (3) under state law, the state's lien must be superior. See, In re Lehigh Valley Mills, Inc. (CA 10) 341 F.2d 398 (1965). The lien for personal property taxes herein meets all three conditions

and is, therefore, in my opinion superior to the mortgage lien of the plaintiff.

The plaintiff contends that the fact that the real and personal property of Clover Spinning Mills Company, Inc., sold by the Receiver, did not bring enough to pay the mortgage claim of the United States, it can be concluded that the Clover Spinning Mills Company, Inc., was insolvent, and that under Section 3466 of the Revised Statutes the Government's priority attaches.

Section 3466, Revised Statutes, 31 U.S.C.A. § 191, commonly known as the Priority Statute, provides: "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

Although the Priority Statute appears to apply "whenever any person indebted to the United States is insolvent" such is not the case. It is applicable only in the four instances specifically named: (1) the decedent's estate; (2) the voluntary assignment; (3) the attachment of the estate of an absconding, concealed, or absent debtor; (4) the commission of an act of bankruptcy. Considering this question in United States v. State of Oklahoma, (1923) 261 U.S. 253, 259, 260, 43 S.Ct. 295, 297, 67 L.Ed. 638, the Court stated: "The claim of the United States to the asserted priority rests exclusively upon the statute. * * * It establishes priority which is limited to the particular state of things specified. The meaning of the word 'insolvent,' used in the act, and of the insolvency therein referred

to, is limited by the language to cases where 'a debtor not having sufficient property to pay all his debts shall make a voluntary assignment,' etc. Mere inability of the debtor to pay all his debts in ordinary course of business is not insolvency within the meaning of the act, but it must be manifested in one of the modes pointed out in the latter part of the statute which defines or explains the meaning of insolvency referred to in the earlier part. (citing cases)." Also, see, W. T. Jones & Co. v. Foodco Realty Inc. (CA 4) 318 F.2d 881 (1963).

In this case Clover Spinning Mills Company, Inc. has not been adjudicated a bankrupt, nor is it alleged that it has committed an act of bankruptcy, and the United States cannot, therefore, assert a priority under 31 U.S.C.A. § 191.

As in the case of federal tax liens, the priority of mortgage liens, held by an agency of the United States, and state tax liens is governed by the principle that first in time is first in right. United States v. Ringwood Iron Mines, Inc. (CA 3) 251 F.2d 145 (1958), cert. den. 356 U.S. 974, 78 S.Ct. 1138, 2 L.Ed.2d 1148; United States v. Roessling, (CA 5) 280 F.2d 933, 936 (1960); United States v. County of Iowa (CA 7), 295 F.2d 257, 259 (1961). But this principle has been abrogated in the instant case by 15 U.S.C.A. § 646.

It is, therefore, ordered, that out of the funds realized by the Receiver from the sale of the encumbered real estate and chattels in the above case, shall be paid (1) the claim of the South Carolina Tax Commission for unpaid withholding taxes; (2) the claims of the County Treasurer of York County and the Town of Clover for unpaid real estate taxes assessed against the property for the years 1962, 1963, and up to June 1, 1964; (3) the claims of the County of York and the Town of Clover for personal property taxes for the years 1962, 1963, and up to June 1, 1964; (4) the balance remaining to be paid to the plaintiff to be applied on the mortgage lien of the plaintiff.