18522

FAMILY LOAN COMPANY, Inc., Respondent, v. J. E. SURRATT, Appellant

(149 S. E. (2d) 334)

*Messrs. McDonald & Cox,* of Greenville, *for Appellant,*

114

*Julius B. Aiken, Esq.,* of Greenville, *for Respondent,* ▮

June 16, 1966.

LEWIS, Justice.

The question presented is whether the defendant waived his right to a jury trial of the issues in this case by consent-

ing to an order referring the cause to the Master for determination.

The complaint alleged that plaintiff sold to the defendant, under a written contract, certain accounts receivable and transferred to him a South Carolina Small Loan License for a total sum of $11,000.00, with a portion thereof being paid by defendant at the time of sale and the balance payable in monthly installments; and that the defendant had defaulted in the monthly payments, leaving a balance due in the amount of $3090.00. It was then alleged that, since it was now impossible for plaintiff to rescind the contract of sale, "plaintiff brings this suit on the equity side of the court for the purpose of having the court, by appropriate order, compel the defendant to perform his part of the said contract." The plaintiff then prayed judgment: (1) That the court, by appropriate order, order the defendant to comply with the terms of his contract, and thereby specifically enforce said written contract between the parties hereto; and (2) and for such other, and further relief as the court may deem just and proper.

Upon the service of the complaint, the defendant filed an answer in which he alleged, among other defenses, "that plaintiff is not entitled to the relief prayed for, the reason being that plaintiff has an adequate remedy at law."

Subsequently, the plaintiff noticed a motion for an order requiring the defendant to make his answer more definite and certain. Before this motion was heard, attorneys for both parties consented to an order referring the case to the Master in Equity for Greenville County, "for the purpose of deciding plaintiff's motions which are pending, taking testimony and reporting his conclusions of fact and law to this court, with leave to report any special matters arising therein." The consent order of reference contained a preliminary recital that the issues had been joined and that "the same is an equity matter and ought to be referred."

Thereafter, the cause was tried before the Master. The defendant offered no testimony, but moved at the conclusion of

plaintiff's case that the complaint be dismissed "for the reason that on the face of the complaint and in view of the record it presents" the plaintiff is not entitled to equitable relief. The Master construed the complaint as stating only a cause of action to recover the balance due under the written sales contract; disregarded as surplusage the allegations of the complaint with reference to specific performance; held that, under the consent order of reference, jurisdiction was conferred to determine the issues made by the pleadings and render judgment appropriate thereto; and recommended that judgment be entered against the defendant for the balance found to be due the plaintiff under the sales contract. Upon exceptions being filed by the defendant to the report of the Master, the report was affirmed by the lower court and judgment entered accordingly.

The defendant has appealed from the foregoing judgment upon exceptions which challenge the jurisdiction of the court to grant judgment against him for the balance due under the written contract, contending that the order of reference only conferred authority to grant equitable relief and that by granting legal relief in the form of a money judgment the defendant has been deprived of his right to a jury trial of the legal issues. The defendant contends that the recital in the order of reference to the effect that the action was one in equity limited the jurisdiction of the Master and lower court to a consideration of whether the plaintiff was entitled to equitable relief by way of specific performance, and that his consent to such order did not constitute a waiver of his right to a jury trial of any legal issue made by the pleadings. Admittedly, if the consent of defendant to the order of reference constituted a waiver of a jury trial of the issues, the judgment of the lower court must be affirmed.

Under Section 10-1401 of the 1962 Code of Laws, "(a)ny of the issues in an action, whether of fact or of law or both, may be referred upon the written consent of the parties * * *."

Therefore, where one agrees to a reference of all issues in an action, he waives any right to a jury trial. *Williams v. Weeks,* 70 S. C. 1, 48 S. E. 619; *Griffith v. Cromley,* 58 S. C. 448, 36 S. E. 738; *Martin v. Martin,* 24 S. C. 446; *City Council of Charleston v. Ryan,* 22 S. C. 339, 53 Am. Rep. 713.

It is undisputed that the defendant consented to the order of reference in this case and that such order referred all issues to the Master for determination unless, as contended by the defendant, the prior recital in the order, that it was "an equity matter", restricted its scope. Under the present facts, we do not think that such recital in the order can be properly construed to restrict the power of the court to determine all issues in the case and grant such relief as might be appropriate.

An examination of the complaint clearly reveals that that it alleged the right to no relief other than re-covery of the amount due under the contract entered into between the parties, regardless of the erroneous characterization therein of the action by the pleader as one in equity and the request in the prayer for relief that the defendant be required to specifically perform under the con-tract. When the complaint was served, the defendant had available to him remedies whereby the surplus allegations could have been removed from the complaint or the cause of action properly denominated one at law for the recovery of the balance due under the sales contract. Instead, the de-fendant joined in the erroneous characterization of the only cause of action alleged, as one in equity, and consented to a general order of reference. At the trial before the Master, the evidence was directed exclusively to proof of the essential and material allegations of the complaint, which related solely to plaintiff's alleged right to recover the balance due under the contract.

We therefore have a situation where a complaint clearly states only an action at law, the parties erroneously character-ize such an action as one in equity and consent to a mode of

trial appropriate to an equitable action, the evidence establishes only the material allegations of the complaint, and the relief granted was appropriate to the cause of action alleged and proved. Under the foregoing circumstances, having consented to a general order of reference, the parties will not now be heard to complain that they were entitled to some other mode of trial. The consent to such order of reference amounted to a waiver of the right to a jury trial of the issues.

Affirmed.

Moss, C. J., Bussey and Brailsford, JJ., and W. L. Rhodes, Jr., Acting J., concur.