21203

The ERVIN COMPANY, Respondent, v. R. J. MARSH, INC., and R. J. Marsh, Appclelants.

(265 S. E. (2d) 520)

*Donald W. Tyler, D. Nathan Davis* and *Walter F. Going, Jr.* of *Going & Going,* Columbia, *for appellants.*

*Joe E. Berry, Jr.* of *Berry, Dunbar & Woods,* Columbia, *for respondent.*

April 22, 1980.

*Per Curiam:*

This is an appeal from an order denying the motion of appellants R. J. Marsh, Inc. and R. J. Marsh to restore this case to the roster of cases for jury trial. We affirm.

The action is one at law. On motion of counsel for respondent The Ervin Company and by and with the express consent of counsel for appellants, the matter in its entirety was referred to the Honorable Jasper M. Cureton, Master-in-Equity, by a general order of reference. See Section 15-31-10, Code of Laws of South Carolina (1976).

Before the case was reached by the master, the chief administrative judge of the fifth judicial circuit on his own motion assigned it to the roster of cases for nonjury trial before the Honorable William P. Donelan, Special Circuit Judge. Taking no appeal from that order, appellants thereafter moved before Judge Donelan for a change of venue to the Court of Common Pleas for Lexington County, which motion was denied. Again no appeal was taken. Appellants then moved to have the case restored to the roster of cases for jury trial in the Court of Common Pleas for Richland County. That motion was also denied. This appeal followed.

It is settled case law in our State that by agreeing to a reference of the issues, a party thereby waives any right to a trial by jury. *Family Loan Company v. Surratt,* 248 S. C. 113, 149 S. E. (2d) 334 (1966); *Williams v. Weeks,* 70 S. C. 1, 48 S. E. 619 (1904); *Griffith v. Cromley,* 58 S. C. 448, 36 S. E. 738 (1900).

Appellants concede the effectiveness of their waiver of trial by jury and assent to having the matter heard by the Honorable Jasper M. Cureton, Master-in-Equity. However, they argue that since Judge Cureton did

not hear the matter, the order of reference was rendered void and the case should have been restored to the roster of cases for jury trial. This argument is without merit. By moving before Judge Donelan for a change of venue after the cause had been assigned to him instead of appealing, appellants reaffirmed their waiver by a general appearance invoking the court's personal jurisdiction. See *Rainwater Furniture Company v. Blanton,* 246 S. C. 172, 143 S. E. (2d) 124 (1965) ; *Nocher v. Nocher,* 268 S. C. 503, 234 S. E. (2d) 884 (1977).

The motion to restore the matter to the roster of cases for jury trial was properly denied.

Affirmed.