0659

Lucy Ann LYONS, Respondent v. James Thomas BUTLER, Appellant.
(343 S. E. (2d) 630)

Court of Appeals

*Richard J. Dolce,* West Columbia, *for appellant.*

*Michael Ray Ellisor,* Cayce, *for respondent.*

Heard Jan. 29, 1986.

Decided March 24, 1986.

CURETON, Judge:

In this trespass to try title action, both respondent Lucy Ann Lyons and appellant James Thomas Butler claim title to a twenty foot strip of land. The matter was referred to a special referee. Before the special referee heard the case, however, a circuit court judge recalled it and placed it on the jury docket. A jury trial resulted in a verdict for Lyons. Butler appeals. We affirm.

By a consent order of reference dated May 23, 1983, the action was referred to a special referee who scheduled the case for a hearing on September 21, 1983. At the scheduled hearing, Lyons announced that she had fired her attorney and hired a new one. At that time, her new attorney re-

quested and was granted a continuance to permit him to prepare the case for trial. The next day Lyons moved to transfer the case to the jury roster claiming an absolute right to have her case tried before the jury. The trial judge granted the motion pursuant to Section 15-23-60, 1976 Code of Laws of South Carolina. At a jury trial, Lyons was awarded one thousand seven hundred and forty-five dollars ($1,745.00) actual damages and two hundred fifty-five dollars ($255.00) punitive damages. Implicit in the jury's verdict is the finding that Lyons owns the disputed property.

Butler raises several issues on appeal. However, his principal contention is that the trial judge committed reversible error by ordering a jury trial after the parties had consented to an order of reference. We disagree.

A trespass to try title action is an action at law. *Corley v. Looper,* 340 S. E. (2d) 556 (S. C. Ct. App. 1986). Section 15-23-60 provides that an issue of fact in an action to recover specific real property must be tried by a jury unless trial by jury is waived as provided in Section 15-27-90, 1976 Code of Laws of South Carolina, or unless a reference is ordered. Section 15-27-90 provides for waiver of trial by jury with the consent of the parties. By consenting to a reference, a party ordinarily waives his right to a jury trial. *Williams v. Weeks,* 69 S. C. 545, 48 S. E. 622 (1904); *Griffith v. Cromley,* 58 S. C. 448, 36 S. E. 738 (1900).

Lyons takes the position that since the order of reference provided that the reference was "to be held within thirty (30) days of the date of this order and reported within 60 days from date," failure of the special referee to hold a hearing or make his report within the times prescribed voided the reference. While some courts have so held,[1] we think the better rule is that the failure of the referee to act within the times prescribed in the order of reference does not void the order, but simply restores discretion to the trial judge as to the manner of disposing of the case. *See School District No. 10 of Charleston County v. Wallace,* 241 S. C. 323, 128 S. E. (2d) 167 (1962).

---

[1] See cases cited in 66 Am. Jur. (2d) *References* Section 34 (1973).

Section 15-31-110, 1976 Code of Laws of South Carolina, provides that referees shall file their reports within sixty (60) days of the date on which the action is submitted to them. Section 15-31-120, 1976 Code of Laws of South Carolina, provides that if the referee shall fail to file his report as prescribed in Section 15-31-110, either party may serve notice that he elects to end the reference. By moving to transfer the case to the jury roster, Lyons effectively elected to end the reference. It was therefore not error for the trial judge to end the reference and transfer the case to the jury roster.

Butler argues that the trial judge should not have permitted a real estate agent to testify as to the value of the property in dispute.[2] He also objects to the trial judge's stating in the presence of the jury that a witness, stipulated as being an expert, would ultimately have his qualifications determined by the jury. Even if these statements in the record were improper our review fails to show contemporaneous objections to the judge's actions. A point not objected to during trial will not be considered on appeal. *Hall v. Palmetto Enterprises II, Inc.*, 282 S. C. 87, 95, 317 S. E. (2d) 140, 145 (Ct. App. 1984).

It is next contended by Butler that the trial judge should not have allowed testimony that his expert witness pleaded guilty to three counts of failure to remit employee withholding taxes. A witness may not be impeached by evidence of specific acts of misconduct, except for crimes involving moral turpitude and not too remote in time. *State v. Harvey*, 275 S. C. 225, 226, 268 S. E. (2d) 587 (1980). Moral turpitude is "an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow man, or society in general, contrary to the accepted and customary right and duty between man and man." *State v. LaBarge*, 275 S. C. 168, 172, 268 S. E. (2d) 278 (1980). While Butler argues on appeal that the crimes were too remote in time to be used for impeachment purposes, his contemporaneous objection was general in nature and not

---

[2] When Lyons first offered the witness as an expert Butler's attorney objected to his qualifications. Thereafter, the witness was qualified as an expert and reoffered as a witness without objection.

based specifically on remoteness. Failure to present the specific grounds of the objection to the trial court for a ruling prevents Butler from raising them on appeal. *See Grant v. Grant,* 340 S. E. (2d) 791 (S. C. Ct. App. 1986).

Moreover, Butler's exception regarding the expert's criminal record violates Supreme Court Rule 4, Section 6 in that it fails to state the basis for the trial judge's error in admitting the testimony and also contains more than one proposition of law. The exception states:

> The trial judge committed error in allowing testimony showing a prior criminal conviction of an expert witness and in failing to instruct the jury with regard to the limited purpose of the testimony elicited.

We hold that the trial judge did not abuse his discretion by permitting the expert witness to testify regarding his convictions presumably based on provisions of Section 12-9-840, 1976 Code of Laws of South Carolina. Taxes withheld from employees do not belong to the employer. *United States v. Clover Spinning Mills Co.,* 244 F. Supp. 796 (D. S. C. 1965). Thus, failure to remit such taxes is akin to larceny which has been declared to involve moral turpitude. *State v. Vaughn,* 268 S. C. 119, 232 S. E. (2d) 328, 330 (1977); *State v. Reggen,* 214 S. C. 370, 374, 52 S. E. (2d) 708, 709 (1949).

Butler also raises as an issue on appeal the failure of the trial judge to grant his motion for a new trial based on the insufficiency of evidence to support the jury's verdict that Lyons owned the property in dispute. Our review of the record finds evidence to support the jury verdict. Thus, this issue is disposed of under provisions of Section 14-8-250, 1976 Code of Laws of South Carolina as being manifestly without merit.

Butler's claim that the trial judge erred in not reducing the damages is without merit. The decision to reduce damages rests within the sound discretion of the trial judge. *Bell v. Harrington Manufacturing Co.,* 265 S. C. 468, 474, 219 S. E. (2d) 906, 909 (1975). We find no abuse of discretion.

Affirmed.

SHAW and GOOLSBY, JJ., concur.