1373

SUNAMERICA FINANCIAL CORPORATION, Respondent v.
EQUI-DATA, INC., Appellant.

(383 S. E. (2d) 8)

Court of Appeals

*Ronald M. Childress*, of *Childress & Mille*, Columbia, *for appellant*.

*Gordon H. Garrett*, of *Garrett & McLeod*, of North Charleston, *for respondent*.

Heard June 12, 1989.

Decided July 10, 1989.

GOOLSBY, Judge:

The dispositive issue in this appeal by Equi-Data, Inc. is whether it waived its right to a jury trial by consenting to an order of reference. We hold it did not do so and reverse and remand for a trial by jury.

Sunamerica Financial Corporation brought this action against Equi-Data alleging, among other things, breach of contract, breach of contract accompanied by a fraudulent act, and unfair trade practices. Equi-Data filed a timely answer to the complaint in which it demanded a jury trial. It also interposed three counterclaims against Sunamerica.

When the case was called for trial, the trial court, with the consent of the parties, referred the case to a master. The order of reference instructed the master "[t]o make findings of fact, conclusions of law, and [to] make recommendations thereon to the court." The order, however, did not direct the master to report the evidence.

The master thereafter filed his report with the trial court. It contained findings of fact, conclusions of law, and recommendations that judgment be entered in favor of Sunamerica and that Equi-Data be required to pay attorney fees and costs.

Concerned that the report had been filed as a "judgment," Equi-Data moved for relief therefrom, asserting that it had not consented to the entry by the master of a final judgment in the action and that the trial court had not directed the entry of final judgment pursuant to Rule 53(e) of the South Carolina Rules of Civil Procedure. Equi-Data also filed, apparently pursuant to Rule 53(e)(2), numerous objections to the master's report in the form of exceptions and according to the Statement of the Case, "renew[ed] its demand for [a] jury trial."

Without having conducted a jury trial, the trial court issued an order affirming the master's report and awarding judgment to Sunamerica. As we read its order, the trial court regarded Equi-Data as having waived its right to a jury trial because it consented to the reference.

Equi-Data, however, denies it waived its right to a jury trial and asserts the trial court committed reversible error in depriving it of its right to a jury trial.

Any party may demand a jury trial on all issues triable as of right by a jury. S.C.R. Civ. P. 38(b). Rule 39(a) of the South Carolina Rules of Civil Procedure provides that once a party has made a timely demand for a jury trial under Rule 38

[t]he trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or its own initiative finds that a right of trial by jury of some or all of those issues does not exist.

Here, nothing in the record indicates the parties or their attorneys either by written stipulation filed with the court or by oral stipulation made in open court and entered in the record consented to a trial by the court without a jury. Under the terms of the procedural rules now applicable, then, Equi-Data's jury demand was never properly withdrawn. *Palmer v. United States*, 652 F. (2d) 893 (9th Cir. 1981).

But Sunamerica cites several South Carolina cases holding that a party waives his right to a jury trial by consenting to a reference. *The Ervin Co. v. R. J. Marsh, Inc.*, 274 S. C. 532, 265 S. E. (2d) 520 (1980); *Family Loan Co. v. Surratt*, 248 S. C. 113, 149 S. E. (2d) 334 (1966); *Williams v. Weeks*, 70 S. C. 1, 48 S. E. 619 (1904); *Griffith v. Cromley*, 58 S. C. 448, 36 S. E. 738 (1900); *Martin v. Martin*, 24 S. C. 446 (1886); *City Council of Charleston v. Ryan*, 22 S. C. 339 (1884); *cf. Sale v. Meggett*, 25 S. C. 72 (1885) (the statute that became S. C. CODE ANN. § 15-27-90 (1976), *repealed*, 64 STAT. Act. No. 100 § 2 at 279 (1985), held not to provide for the waiver of a jury trial by conduct).

Each of these cases, however, was decided prior to the adoption of the South Carolina Rules of Civil Procedure; therefore, they are inapplicable to the present case. Also, the statute that undergirded the holding of waiver in these and other cases has been repealed. *Trenholm v. Morgan*, 28 S. C. 268, 5 S. E. 721 (1888); *Meetze v. Charlotte, Columbia & Augusta Railroad Co.* 23 S. C. 1, 4 S. E. 790 (1885); *cf. Lyons*

*v. Butler*, 288 S. C. 498, 343 S. E. (2d) 630 (Ct. App. 1986) (involving a consent order dated May 23, 1983, and relying on *Williams v. Weeks, supra,* and *Griffith v. Cromley, supra*); *see* S. C. CODE ANN. § 15-23-60 (1976); *repealed,* 64 STAT. Act. No. 100 § 2 at 279 (1985) ("An issue of fact in an action for the recovery of money only ... must be tried by a jury unless ... a reference be ordered.")

The recently-adopted South Carolina Rules of Civil Procedure expressly comtemplate the use of masters in certain cases to be tried by a jury. Rule 53(b) provides that "[i]n actions to be tried before a jury, a reference shall be made only when the issues are complicated, and the findings of the master as to matters of fact shall be received as evidence only. ..." Rule 53(e)(3) provides that in actions to be tried by a jury "the master shall not be directed to report the evidence [and] [h]is findings upon the issues submitted to him are admissible as evidence of the matters found and may be read to the jury subject to the ruling of the court upon any objections in point of law which may be made to the report."

Since the order of reference on its face is ambiguous and uncertain, we must look to all parts of the order and to the record to ascertain the trial court's intent in issuing the order and we must construe the order in the light of what was before the court and the accompanying circumstances. *Drawdy v. Drawdy,* 285 S. C. 159, 328 S. E. (2d) 133 (Ct. App. 1985); 46 Am. Jur. (2d) *Judgments* § 73 at 363 (1969); 49 C.J.S. *Judgments* § 436 at 867 (1947).

We have mentioned already that Equi-Data timely requested a jury trial and did not properly withdraw its demand and that the order of reference nowhere directs the master to report the evidence.

Among other things we should consider is the order-of-reference form used by the trial court to refer the case to the master. The form contains a blank space to be checked by the trial court if a case is being transferred from the jury roster to the nonjury roster. This space is not checked.

Another matter we should consider is whether the pleadings raise complex issues. They do. In fact, Sunamerica concedes in its brief that the trial court, "at the sounding of the jury docket, indicated ... [it] had reviewed the file and determined that the issues were complicated and that [it] was going to refer [the case] to the Master-in-Equity."

Because Equi-Data had timely requested a jury trial and never withdrew its request in a manner mandated by Rule 39(a), because the issues raised by the pleadings are complicated, because the trial court did not transfer the case to the nonjury roster, and because the order of reference omits reference to a report of the evidence, we hold that the trial court intended the master's report to be a report that, "subject to the ruling of the court upon any objections in point of law," could later be read to the jury "as evidence of the matters found" by the master. S.C.R. Civ. P. 53 (e)(3).

Since we view the trial court's order of reference as one calling for a master's report that could be read to the jury, Equi-Data cannot be said to have intentionally surrendered its right to a jury trial by consenting to the order. Its consent to the reference is not inconsistent with its demand for a jury trial and Rule 53(b) plainly allows references of action to be tried before a jury if they involve complicated issues. *See Millner v. Norfolk & Western Railway Co.*, 643 F. (2d) 1005 (4th Cir. 1981) (FELA plaintiff did not waive his right to a jury trial or withdraw his demand therefor by participating in an evidentiary hearing before the court, notwithstanding want of express objection to the hearing); 47 Am. Jur. (2d) *Jury* § 81 at 696 (1969) (waiver of a jury trial must be the result of an intentional act and the intention to waive the right must plainly appear); 50 C.J.S. *Juries* § 90 at 797 (1947) ("Waiver of a jury trial, however, will not be implied in doubtful cases, and, in order to create a waiver by implication, unequivocal acts are necessary; further, it has been held that the waiver must of necessity be an intentional act. In other words, a party will not be concluded by conduct which is not inconsistent with an intention to preserve his right to a jury trial.").

This is not, we should add, a case where the trial court was "ambushed." It conducted no bench trial in which Equi-Data participated. Further, the renewed demand for a jury trial made by Equi-Data after the master filed his report served to remind the trial court of its outstanding demand for a jury trial. *Cf. United States v. 1966 Beechcraft Aircraft Model King Air*, 777 F. (2d) 947 (4th Cir. 1985) (claimants in forfeiture proceeding held to have waived their jury demand by vigorously participating in a bench trial, by failing to

object to the trial court's decision to determine the dispositive issues of fact in the bench trial, and by not reminding the trial court of their earlier demand for a jury trial).

We do not ignore the trial court's instructions to the master that he also report his conclusions of law and recommendations. This is not a good practice when the master's report, like the one here, is to be read to the jury. *Charles A. Wright, Inc., F. D. Rich Co.*, 354 F. (2d) 710 (1st Cir. 1966), *cert. denied,* 384 U.S. 960, 86 S.Ct. 1586, 16 L. Ed. (2d) 673 (1966). These additional instructions, though improper and unobjected to by Equi-Data, did not affect Equi-Data's jury trial demand or its right to a jury trial.

The filing by Equi-Data of exceptions to the master's report pursuant, apparently, to Rule 53(e)(2) likewise did not affect its jury trial demand or its right to a jury trial. In a case to be heard by a jury, the findings of the master are merely evidence to be read to the jury and prior objections are not required and are generally improper. 9 C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2612 at 806-07 (1971). Ordinarily, objections should be made at the trial when a party seeks to introduce the report. *Id.* at 807. Still, the filing in advance by trial by a party who has demanded a trial by jury of objections to a master's report to be read to the jury, while generally improper, is not inconsistent with the party's jury trial demand. Indeed, there are instances when it would be desirable for such objections to be filed in advance of trial. Certainly, objections heard before trial would lessen confusion and avoid unnecessary delays at trial. 5A J. MOORE AND J. LUCAS, MOORE'S FEDERAL PRACTICE Para. 53.14[5] at 53-147 (1989); 9 C. WRIGHT AND A. MILLER, *supra* at 807.

In view of our reversal of the judgment below and our remand of the case for trial, we see no need at this time to rule on the other issues raised by Equi-Data.

Reversed and remanded.

GARDNER and CURETON, JJ., concur.