1785

RICHLAND COUNTY, South Carolina, Respondent-Appellant v. Owens David LOWMAN, and R.E. Lowman, Appellants-Respondents. RICHLAND COUNTY, South Carolina, Respondent-Appellant v. Owens David LOWMAN, Appellant-Respondent.

(415 S.E. (2d) 433)

Court of Appeals

*H. Jackson Gregory,* of *Gregory & Gregory,* Columbia, *for appellants-respondents.*

*Larry C. Smith,* Columbia, *for respondent-appellant.*

Heard Feb. 17, 1992.

Decided March 9, 1992.

CURETON, Judge:

This case involves the condemnation of several pieces of property pursuant to the South Carolina Eminent Domain Procedure Act. A special referee heard the consolidated actions and awarded compensation to the landowners. Both the condemning authority and the landowners have appealed. We affirm.

In 1989, Richland County served condemnation notices seeking to obtain easements on several pieces of property for construction of a sewer project. The landowners did not agree to accept the compensation offered by the county. Accordingly, Richland County served affidavits requesting trial by the court to resolve the matter of compensation. On January 18, 1990, consent orders were signed referring the cases to the master under Rule 53, SCRCP, with authority to enter final judgment and direct appeal to the South Carolina Supreme Court. The master subsequently recused himself from the cases and counsel for the landowners wrote a letter to the administrative judge asking for the cases to be placed on the jury trial roster. The judge referred the cases to a special referee. The landowners moved before the special referee to restore the cases to the jury trial roster. This motion was denied by written order as the referee found the landowners had waived their right to a jury trial by consenting to the reference to the master. The cases were heard on the merits and the referee entered orders determining the amount of compensation.

## I.

The landowners assert they were entitled to a jury trial and the cases should be reversed and remanded because of the denial of this right. As we understand it, they argue they are entitled to a jury trial as a matter of right based upon a timely demand. *See Rowe Furniture Corp. v. Carolina Wholesale Furniture Co. Inc.,* 292 S.C. 575, 357 S.E. (2d) 725 (Ct. App. 1987) (discussion of timely demand of jury trial versus discre-

tion of court to grant untimely demand). They concede they waived their right to a jury trial when they signed the consent order referring the cases to the master; however, they assert the consent was limited and once the master recused himself they withdrew their consent and made a timely demand for a jury trial. We find no merit to their position and affirm the trial court.

In a condemnation proceeding, a landowner has the right to demand a trial by jury; however, this right can be waived. S.C. Code Ann. Sections 28-2-280(C)(8) and 28-2-310 (Rev. 1991). There is no indication in this record the landowners made a demand for a jury trial prior to the time they consented to the order of reference to the master. We do not read the language of this consent order of reference to place the matter exclusively in the hands of the master to the exclusion of the appointment of a special referee if necessary. Accordingly, we see nothing in the consent order to indicate this waiver was limited or conditional in any way. Therefore, the landowners waived the right to a jury trial by agreeing to the reference. *See Lyons v. Butler*, 288 S.C. 498, 343 S.E. (2d) 630 (Ct. App. 1986) (under prior statutory authority a right to a jury trial court be waived by consent to a reference); *Preferred Savings Bank v. Elkholy*, 303 S.C. 95, 399 S.E. (2d) 19 (Ct. App. 1990). The landowners reliance upon *Lyons v. Butler* and *Sunamerica Financial Corp. v. Equi-data Inc.*[1] is misplaced. The *Lyons* case held the failure of a referee to act within the time prescribed in the consent order of reference restored discretion to the trial judge to determine the manner of disposing of the case.[2] In *Sunamerica*, the defendant had demanded a jury trial and had not withdrawn this demand prior to the consent order of reference. This court held the order of the circuit court intended the reference to be one under Rule 53(e)(3), SCRCP.[3] Neither case is applicable to the circumstances of this case. We specifically note the landowners have not argued the court abused its discretion in denying their motion for a jury trial under Rule 39(b), SCRCP. In fact

---

[1] *Sunamerica Financial Corp. v. Equi-Data, Inc.*, 299 S.C. 175, 383 S.E. (2d) 8 (Ct. App. 1989).

[2] *Lyons*, 288 S.C. at 500, 343 S.E. (2d) at 632.

[3] *Sunamerica*, 299 S.C. at 179, 383 S.E. (2d) at 10.

the landowners do not argue this rule is even applicable.[4] Therefore, we find no error.

The county has also appealed from the orders of the special referee. The county argues the referee erred (1) in admitting the testimony of an appraiser for the landowners and (2) in failing to take into consideration the benefits to be derived by the landowners as a result of the sewer project. We find no error.

Prior to the taking of testimony, the county moved to exclude the testimony of the landowners' appraiser on the basis he utilized an improper date of valuation. The referee stated she was going to reserve her ruling until she heard the foundation for the testimony. There is no indication the county subsequently objected or moved to strike the testimony during the trial. Therefore, no error is preserved on appeal. *Soaper v. Hope Industries, Inc.,* — S.C. —, 413 S.E. (2d) 38, 41 (Ct. App. 1992) (issue not presented at trial cannot be raised for first time on appeal).

---

[4] The landowners did not immediately appeal from the orders denying their motion to restore the cases to the jury trial roster. Instead, they proceeded to try the cases on the merits before the special referee. According to their argument, the order deprived them of a mode of trial to which they were entitled as a matter of law. As a matter of appellate procedure, this order should have been immediately appealed and the order became the law of the case once they failed to timely appeal. *Link v. School Dist. of Pickens County,* 302 S.C. 1, 6, n. 5, 393 S.E. (2d) 176, 178, n. 5 (1990); *Creed v. Stokes,* 285 S.C. 542, 331 S.E. (2d) 351 (1985).

We specifically note the opinion of *Ervin Co. v. R.J. Marsh Inc.,* 274 S.C. 532, 265 S.E. (2d) 520 (1980). In that case, the parties consented to refer a matter to the master. Before the case was reached for trial the chief administrative judge on his own motion assigned the case to a roster of nonjury trial cases before a special circuit judge. No appeal was immediately taken from this order. The defendants appeared before the special circuit judge on a motion to change venue which was denied. No appeal was taken from this order. They then moved to have the case restored to the jury roster and the motion was denied. The defendants then appealed. The supreme court held the appellants' argument that the order of reference was void was without merit. The defendants had reaffirmed their waiver of a jury trial by moving for a change of venue instead of appealing. We find the current situation analogous since the landowners did not immediately appeal and instead proceeded with a trial on the merits.

This situation is also distinctly different from a ruling on a motion under Rule 39(b), SCRCP, which is addressed to the discretion of the court and is not immediately appealable. *Hannah v. United Refrigeration Services, Inc.,* — S.C. —, 409 S.E. (2d) 360 (1991).

Finally, we note no proper motion was made to the administrative judge to restore the cases to the trial docket. The landowners' letter would not constitute a motion.

The county also asserts the referee failed to consider benefits to be derived from the sewer project. The orders state the landowners received no benefits. This finding is supported by the testimony of the county's appraiser who testified it would be speculative to attempt to estimate offsetting benefits in this case. There is no error.

Affirmed.

GARDNER and BELL, JJ., concur.