2045

Paul J. SMITH, Respondent-Appellant v. OCEAN LAKES FAMILY CAMPGROUND, a Limited Partnership, and Campgrounds, Inc., its General Partner, Appellants-Respondents.

433 S.E. (2d) 909

Court of Appeals

▮

---

*Robert M. Erwin, Jr.* and *Susan M. Glenn* of *Nelson, Mullins, Riley & Scarborough,* Myrtle Beach, *for appellants-respondents.*

*Dalton B. Floyd, Jr.* of *Floyd & Prevatte,* Surfside Beach, *for respondent-appellant.*

Submitted May 10, 1993.

Decided July 6, 1993.

GARDNER, Judge:

Both parties appeal a final order filed by the master in equity in this case. Ocean Lakes argues initially that the appealed order is a nullity. Because we agree, we dismiss the appeal.[1]

The circuit court referred this case to the master for final judgment with the right of direct appeal to the Supreme Court. The order added the following:

> The final order shall be filed within 90 days of the date of this order; otherwise this order of reference is null and void.

The order of reference was dated May 8, 1991. The hearing was held July 10, 1991, but the master did not file his order in

---

[1] Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.

this matter until September 30, 1991, which was 145 days after the date of the order of reference.

The master has no power or authority except that ■ which is given to him by the order of reference. *See* Rule 53(c), SCRCP ("[T]he order of reference to the master may specify or limit his powers and may direct him . . . to do or perform a particular act. . . ."); *Bonney v. Granger,* 292 S.C. 308, 356 S.E. (2d) 138 (Ct. App. 1987) (a master has the same powers as a circuit judge unless the order of reference specifies or limits his powers); 76 C.J.S. *References* § 76 (1952) (a referee has no powers except those conferred by the order of reference).

In this case, the reference expired by its own terms 90 ■ days after the date of the order of reference. At the time the master filed his order, the case had thus been withdrawn from him and returned to the circuit court, where it remains pending. Therefore, there has been no valid order entered in this case, and the appealed order is a nullity entered without power or authority.

Relying on *Lyons v. Butler,* 288 S.C. 498, 343 S.E. (2d) 630 (Ct. App. 1986), Smith argues that "the failure of the master to file his order within the time prescribed in the Order of Reference does not void the Order, but simply restores discretion to the trial judge as to the manner of disposing of the case." Additionally, he claims that Ocean Lakes "never elected to end the reference." The record reflects, however, that the order of reference in the instant case, unlike that in *Lyons,* stated that it would become "null and void" if the master failed to file his order within the time prescribed, and this event would terminate the reference. This language clearly distinguishes this case from *Lyons.*

Smith asserts that the order of reference "did not impose any limitation or reservations upon the Master's authority in this case." We disagree. The order of reference limited the time for the master to hear and decide the case. Had the parties or the master needed additional time, it would have been a simple matter as the deadline approached for them to pursue an amended order of reference from the circuit court extending the time period and authorizing the master to act beyond the 90-day deadline.

When a case is referred to a master or special referee, and the order of reference limits the authority of the master or referee to act within a certain time frame, the parties themselves should ensure that the case is properly disposed of within the specified time, or obtain an amended order from the circuit court extending the time for the master or referee to act. Otherwise, the reference terminates pursuant to the order of reference and the power to dispose of the case returns to the circuit court.[2]

Accordingly, the appeal in this case is dismissed.

Dismissed.

BELL and LITTLEJOHN, JJ., concur.

---

[2] We express no view on whether the circuit court may issue a new order empowering the master to render a final judgment based upon the hearing already had in this matter.