**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

TD Bank, N.A., Successor by merger to Carolina First Bank, Respondent,

v.

Wilbert Roller, Jr., Betty V. Roller, and James Williams, Defendants,

Of Whom Wilbert Roller, Jr. and Betty V. Roller are the Appellants.

Appellate Case No. 2019-000047

———————

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

———————

Unpublished Opinion No. 2021-UP-443
Heard October 14, 2021 – Filed December 15, 2021

———————

**AFFIRMED**

———————

Thomas R. Goldstein, of Belk Cobb Infinger & Goldstein, PA, of Charleston, for Appellants.

Matthew Tillman, of Womble Bond Dickinson (US) LLP, of Charleston, for Respondent.

———————

**PER CURIAM:** Wilbert Roller, Jr. and Betty V. Roller appeal the circuit court's denial of their motion to set aside a deficiency judgment against them.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Johnson v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 372 S.C. 279, 284, 641 S.E.2d 895, 897 (2007) ("[S]ubject matter jurisdiction refers to a court's constitutional or statutory power to adjudicate a case."); *id.* ("Stated somewhat differently, 'subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong.'" (quoting *State v. Gentry*, 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005))); *Bardoon Props., NV v. Eidolon Corp.*, 326 S.C. 166, 169, 485 S.E.2d 371, 373 (1997) ("[T]he wealth of authority is to the effect that the issue of a party's status as real party in interest does not involve subject matter jurisdiction."); *State v. Johnson*, 298 S.C. 496, 498, 381 S.E.2d 732, 733 (1989) (stating express consent to a ruling waives the right to raise the issue on appeal); *Richland County v. Lowman*, 307 S.C. 422, 424, 415 S.E.2d 433, 434 (Ct. App. 1992) (finding a landowner waived the right to a jury trial by signing a consent order of reference); *Barrett & Co. v. Still*, 102 S.C. 19, 52, 86 S.E. 204, 206 (1915) ("Where a person is in possession of a note it is *prima facie* evidence of ownership, and the burden is on the maker to show to the contrary, or that it has been paid."); S.C. Code Ann. § 29-3-680(A) (2007) ("In any real estate foreclosure proceeding a defendant against whom a personal judgment is taken or asked, whether he has theretofore appeared in the action or not, may within thirty days after the sale of the mortgaged property apply by verified petition to the clerk of court in which the decree or order of sale was taken for an order of appraisal."); S.C. Code Ann. § 29-3-720 (2007) ("The board of appraisers as so constituted shall proceed to view and value the mortgaged property and all or a majority thereof shall make a sworn return within thirty days from their appointment of the true value of the property as of the date of sale, taking into consideration sale value, cost and replacement value of improvements, income production and all other proper elements which, in their discretion, enter into the determination of true value."); S.C. Code Ann. § 29-3-750 (2007) ("The petitioner or the judgment creditor may appeal from the return of the appraisers upon notice stating the ground of such appeal served upon the other party within ten days after notice of the filing of the return . . . ."); *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Blanton v. Stathos*, 351 S.C. 534, 542, 570 S.E.2d 565, 569 (Ct. App. 2002) ("Procedural due process requires notice, the opportunity to be heard in a meaningful way, and judicial review.  Procedural due process contemplates notice, a reasonable opportunity to be heard, and a fair hearing before a legally constituted impartial tribunal.  The

fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (citations omitted)); S.C. Code Ann. § 29-3-720 (instructing the board of appraisers to ascertain "the true value of the property *as of the date of sale*" (emphasis added)); 16C C.J.S. *Constitutional Law* § 1659 (2015) (surmising "due process is not denied by the exclusion of irrelevant, immaterial, or incompetent evidence").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and HEWITT, JJ., concur.**