19107

William Edward PERRY, Jr., by Lila Perry, His Guardian Ad Litem, Respondent, v. MINIT SAVER FOOD STORES OF SOUTH CAROLINA, INC., Appellant.

(177 S. E. (2d) 4)

*Messrs. R. Davis Howser* and *Donald V. Richardson* of *Whaley, McCutchen, Blanton & Richardson,* of Columbia, *for Appellant,*

*Messrs. Lee & Ball,* of Columbia, *for Respondent,*

October 5, 1970.

Bussey, Justice:

In the instant action the defendant, pursuant to Rule Number 87 of the Circuit Court Rules, served the plaintiff and his two brothers with notices of the taking of their respective depositions. All responded to the notices and following the taking of said depositions the defendant voluntarily paid to each of the brothers witness fees and mileage, pursuant to Section I of Rule 87, which reads as follows:

"A witness attending any deposition held pursuant to these rules shall receive $15.00 for each day's attendance and for the time necessarily occupied in going to and returning from the same, and nine cents per mile for going from and returning to his place of residence."

Counsel for plaintiff demanded the payment of like fees for the plaintiff, which demand was refused, but, in response to a motion, the lower court ordered the same paid, and the defendant appealed.

The appellant contends that the word "witness", as used in Section I of Rule 87, was intended to refer only to a witness, who was not a party, and that a party whose deposition is taken pursuant to the rule is not entitled to the payment of the fees provided for in the rule. No authority, in point, is cited for this contention and we do not agree therewith. Rule 87 provides for the taking of the testimony by deposition "of any person, including a

party, * * *." When a party's deposition is taken, he is, of course, for the purpose thereof, a witness as well as a party. The word "witness" is defined, *inter alia, as* "a person whose declaration under oath (or affirmation) is received as evidence for any purpose * * *." Black's Law Dictionary.

It is the settled law in this State that where the terms of a statute are clear and free of ambiguity there is no room for construction and the courts are required to apply such according to their literal meaning. See cases collected in West's South Carolina Digest, Statutes, —190. We know of no sound reason why this principle should not apply to a court rule as well as to a statute. We are of the view that there is no ambiguity whatever in Rule 87 as to the meaning of the word "witness", as used in Section I thereof, and that the word "witness" was intended to mean all witnesses whose depositions are taken pursuant to the rule, whether or not the witness, perchance, be a party. The word "witness" is used at various other places in Rule 87 to denote all witnesses, including parties, without making any distinction between witnesses who happen to be parties and those who are not.

The appellant argues a second question which we do not find properly before us. There is nothing whatever in the record to indicate that such question was raised or passed upon in the court below.

The exceptions of the appellant are, in our view, without merit, and the judgment of the lower court is

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.