24058

Darrell GREEN, By and Through his Guardian ad Litem, Lethea GREEN, and Lethea Green, as legal guardian for Darrell Green, Appellants v. LEWIS TRUCK LINES, INC., Phillip Brown, and South Carolina Department of Education, Respondents.

(443 S.E. (2d) 906)

Supreme Court

*Ronald J. Jebaily,* of *Jebaily & Glass, P.A.* of Florence, and *Ray P. McClain,* Charleston, *for appellants.*

*Victoria T. Vaught* of *Battle & Vaught,* Conway, *for respondents Lewis Truck Lines, Inc.* and *Phillip Brown.*

*Phillip Luke Hughes* of *Nelson, Mullins, Riley & Scarborough, P.A.,* Myrtle Beach, *for respondent South Carolina Dept. of Educ.*

Submitted April 19, 1994.

Decided May 4, 1994.

*Per Curiam:*

Pursuant to Rule 35, SCRCP, the trial judge ordered Appellant Darrell Green, a minor, to undergo a mental examination by a clinical psychologist. After the guardian ad litem refused to produce her grandson for this examination, the judge held her in civil contempt, and this appeal follows. Appellant Lethea Green has now filed a petition for a writ of supersedeas to stay the contempt order. After hearing oral argument on the petition, we have decided to determine the merits of this appeal since it raises solely a question of law.

Appellants assert Rule 35 does not authorize the circuit court to order a mental examination to be conducted by a clinical psychologist. We agree and reverse the orders on appeal.

Rule 35(a) states in pertinent part that the circuit court "may order [a] party to submit to a physical or mental examination *by a physician. . . .*" (Emphasis added.) In interpreting the language of a court rule, we apply the same rules of construction used in interpreting statutes. *Garner v. Houck,* — S.C. —, 435 S.E. (2d) 847 (1993); *Perry v. Minit Saver Food Stores of S.C., Inc.,* 255 S.C. 42, 177 S.E. (2d) 4 (1970). Therefore, the words of Rule 35 must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the rule. *Greenwood Mills, Inc. v. Second Injury Fund,* — S.C. —, 433 S.E. (2d) 846 (1993).

A clinical psychologist is not a physician. *Landry v. Green Bay & Western Railroad Co.,* 121 F.R.D. 400 (E.D. Wis. 1988); *Comastro v. Tourtelot,* 118 F.R.D. 442 (N.D. Ill. 1987); *Coates v. Whittington,* 758 S.W. (2d) 749 (Tex. 1988); *compare* S.C. Code Ann. §§ 40-47-5 to -660 (1986 & Supp. 1993) (regulating physicians, surgeons and osteopaths) *with* S.C. Code Ann. §§ 40-55-20 to -180 (1986 & Supp. 1993) (regulating psychologists). Therefore, Rule 35 does not allow a judge to order a mental examination by a clinical psychologist. Accordingly, the order compelling the mental examination and the order of contempt are

Reversed.