Present:   All the Justices

PAULINE BROWN

v.  Record No. 992751

WILLIAM BLACK, ET AL.

OPINION BY JUSTICE LEROY R. HASSELL, SR.
September 15, 2000

ELAINE HUGHES

v.  Record No. 992752

WILLIAM BLACK, ET AL.

FROM THE CIRCUIT COURT OF SUSSEX COUNTY
James A. Luke, Judge

I.

In these consolidated appeals from two separate judgments, we consider whether the circuit court, which had not entered orders compelling discovery, erred in dismissing the plaintiffs' motions for judgment because of their failure to respond to the defendants' discovery requests.

II.

Pauline Brown and Elaine Hughes, represented by the same counsel, filed separate motions for judgment against William Black, National Railroad Passenger Corporation, d/b/a Amtrak, Paul Jones Elliott, Car Center, and CSX Transportation, Inc. The plaintiffs alleged that they were injured while traveling as passengers on the same train operated by Amtrak and that the defendants breached certain duties owed to them.

In June 1998, defendants Black, Amtrak, and CSX Transportation propounded interrogatories to the plaintiffs in the separate actions. Defendants Elliot and Car Center "joined" with the co-defendants in these discovery requests. The plaintiffs failed to respond to the discovery requests. In May 1999, defendants Black, Amtrak, and CSX Transportation filed motions "to compel answers to interrogatories, deposition of plaintiff, independent medical examination of plaintiff or in the alternative to dismiss plaintiff's motion for judgment with prejudice" in both actions.

These defendants asserted in their motions that the plaintiffs failed to respond to certain interrogatories propounded to them, that the defendants' counsel "wrote to [plaintiffs'] counsel requesting answers to the interrogatories," and that in March 1999 "defendants' counsel wrote [plaintiffs'] counsel requesting dates for [the plaintiffs' depositions and independent medical examinations.]" According to the allegations in the defendants' motions, even though plaintiffs' counsel replied that she would "get back shortly" to defendants' counsel, she failed to do so. The defendants' counsel requested that the circuit court enter orders requiring the plaintiffs to comply with the discovery requests or, in the alternative, that the

2

court dismiss with prejudice the plaintiffs' motions for judgment.

After the plaintiffs did not respond to the defendants' motions, the defendants gave the plaintiffs notice of a hearing. At the hearing, the circuit court permitted defendants Elliott and Car Center to "join in" the motions. Counsel did not appear for either plaintiff. However, a lawyer, who was apparently contemplating serving as new counsel for the plaintiffs in these actions, attended the hearing but specifically declined to be named as counsel of record for the plaintiffs. The court ruled that it would dismiss both motions for judgment.

The plaintiffs filed motions for reconsideration after the court had ruled, but before the entry of orders dismissing their motions for judgment. Plaintiffs' counsel argued that Rule 4:12 authorizes a circuit court to dismiss a motion for judgment only if the plaintiff has failed to obey a discovery order. The plaintiffs asserted that the circuit court should not have dismissed their motions for judgment because the court had not entered orders compelling discovery in their respective cases. The circuit court concluded that the plaintiffs were derelict in the prosecution of their cases and declined to change its ruling. Subsequently, the circuit

court entered orders dismissing the motions for judgment.  The

plaintiffs appeal.

III.

Rule 4:12 states in relevant part:

> "(a) Motion for Order Compelling Discovery. — A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

> . . . .

> "(b) Failure to Comply With Order. — (1) Sanctions by Court in County or City Where Deposition Is Taken.  If a deponent fails to be sworn or to answer a question after being directed to do so by the court in the county or city in which the deposition is being taken, the failure may be considered a contempt of that court.
> "(2) Sanctions by Court in Which Action Is Pending.  If a party or an officer, director, or managing agent of a party or a person designated under Rule 4:5(b)(6) or 4:6(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this Rule or Rule 4:10, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> "(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> "(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
> "(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

4

. . . .

> "(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. — If a party or an officer, director, or managing agent of a party or a person designated under Rule 4:5(b)(6) or 4:6(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 4:8, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 4:9, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this Rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."
>
> "The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 4:1(c)."

(Emphasis added).

The plaintiffs contend that even though Rule 4:12 grants a circuit court the authority to dismiss an action because of a party's failure to comply with discovery, such dismissal is appropriate only when that party has violated a court order compelling a party to comply with a discovery request. The defendants respond that Rule 4:12(d) grants a circuit court

5

the authority to dismiss an action if a plaintiff fails to serve answers to interrogatories submitted under Rule 4:8 after proper service of the interrogatories and that "[t]he violation by a party of an order is not a condition precedent to the imposition of sanctions under Rule 4:12."  Continuing, the defendants say the dismissals were justified in these cases because the plaintiffs failed to respond to interrogatories filed more than a year before the dismissals, did not appear at the hearing on the motion to compel discovery, and had not pursued their respective causes of action with diligence for more than one year.  We disagree with the defendants' arguments.

Rule 4:12(a) sets forth the procedure that a party must follow to obtain an order compelling discovery and permits a court to award attorney's fees and expenses.  Rule 4:12(b) enumerates the sanctions that a court may impose if a party "fails to obey an order to provide or permit discovery."  Thus, a party's failure to obey such an order is a prerequisite for the imposition of sanctions under paragraphs (A), (B), and (C) of Rule 4:12(b)(2).

Rule 4:12(d) permits a circuit court to take the actions authorized under paragraphs (A), (B), and (C) of Rule 4:12(b)(2) when a party acts or fails to act in the circumstances set forth in Rule 4:12(d).  As stated above,

however, those actions are only authorized when a party has failed "to obey an order to provide or permit discovery." Thus, we conclude that the limitation on the circuit court's power to impose sanctions specified in paragraphs (A), (B), and (C) of Rule 4:12(b)(2), that a party has failed to obey an order to provide or permit discovery, necessarily restricts the circuit court's exercise of those powers under Rule 4:12(d).

We also note that both Rule 4:12(b)(2) and Rule 4:12(d) provide that "the court in which the action is pending may make such orders in regard to the failure [to comply with discovery] as are just." This language, which gives a circuit court broad discretion to tailor its sanctions to the particular conduct of a party in a given case, was not intended to confer upon a court the power to dismiss an action unless a party has violated an order compelling discovery. Neither Rule 4:12(b)(2) nor Rule 4:12(d) permits such a drastic sanction in the absence of the violation of an order compelling discovery.

Our interpretation of Rule 4:12(b)(2) does not render meaningless the provisions in Rule 4:12(d). Unlike Rule 4:12(b)(2), Rule 4:12(d) specifically limits the discretion of circuit court to deny a request for sanctions for the proscribed conduct by providing that a circuit court may not

excuse a party's failure to act unless that party has applied for a protective order as provided in Rule 4:1(C). We further note that Rule 4:12 does not impose different requirements for obtaining sanctions based on the severity of a discovery violation, but uniformly subjects every failure to comply with an order compelling discovery to the circuit court's discretionary authority provided in that Rule.

As the defendants have recognized, the federal courts, in interpreting Federal Rule of Civil Procedure 37 which is substantially similar to Rule 4:12, have held that federal district courts may dismiss an action for a party's failure to comply with discovery even though an order compelling discovery has not been entered. See, e.g., Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994). However, it is the responsibility of this Court to interpret our own Rules regarding pretrial procedures for the parties in the courts of this Commonwealth. And, even though the federal courts' interpretations of their rules in some instances may be informative, those interpretations are not binding on this Court's interpretation of our Rules.

Accordingly, we hold that Rule 4:12(d), when read with the other provisions in Rule 4:12, authorizes a circuit court to dismiss a motion for judgment only when the plaintiff fails to comply with a court's order to provide or permit discovery.

Therefore, the circuit court erred in dismissing the plaintiffs' motions for judgment.

                              IV.

We will reverse the judgments of the circuit court, and we will remand these cases for further proceedings.

> Record No. 992751 — <u>Reversed and remanded</u>.
> Record No. 992752 — <u>Reversed and remanded</u>.

JUSTICE KINSER, with whom JUSTICE LACY and JUSTICE LEMONS join, concurring.

Because I believe the trial court abused its discretion under Rule 4:12, I concur in the result reached by the majority; however, I cannot subscribe to the majority's interpretation of Rule 4:12(d). Therefore, I write separately to discuss the analytical framework established by the plain language of Rule 4:12, in particular the relationship among subsections (a), (b)(2), and (d) of that rule.

First, subsection (a) authorizes a party to move for an order compelling discovery if a deponent fails to answer a question; if a party fails to answer an interrogatory; or, if in response to a request for inspection, a party fails to respond that the inspection will be permitted or to permit the inspection. For purposes of subsection (a), an evasive or incomplete answer is treated as a failure to answer. Rule 4:12(a)(3). If the requesting party prevails on the motion to

9

compel, the court may, depending on the relief requested in the motion, order the opposing party to answer a particular question or interrogatory, or provide additional information. However, the only sanction that the court may impose, if appropriate, is an award of expenses, including attorney's fees.  Rule 4:12(a)(4).

Subsection (b)(2) provides that if a party fails to obey an order to provide or permit discovery, including an order made under subsection (a), a court may enter such orders as are just and may impose the sanctions enumerated in paragraphs (A), (B), (C), (D) and (E) of subsection (b)(2).  These paragraphs authorize sanctions such as directing that certain matters or facts shall be taken to be established; refusing to allow the disobedient party to support or oppose designated claims or defenses; striking the pleadings, or some part of them; dismissing the action; or treating the failure to obey as a contempt of court.

Finally, subsection (d) applies when a party fails to do one of the following: (1) appear for a deposition after being served with proper notice, (2) serve answers or objections to interrogatories after proper service of the interrogatories, or (3) serve a written response to a request for inspection after proper service of the request.  In these instances of a complete failure to respond, a court may make such orders as

are just and may impose any of the sanctions enumerated in paragraphs (A), (B), and (C) of subsection (b)(2). Subsection (d) further provides that a party's failure to act in one of the enumerated instances is not excused on the basis that the discovery is objectionable unless the party failing to act has applied for a protective order under Rule 4:1(c).

In finding that the trial court in the present cases erred in dismissing the motions for judgment filed by Pauline Brown and Elaine Hughes, the majority interprets subsection (d) of Rule 4:12 as implicitly containing a provision like that found in Rule 4:12(b)(2), specifically that a party must fail to obey an order providing or permitting discovery before the sanctions prescribed in subsections (b)(2)(A), (B), and (C) may be imposed. Because the sanctions enumerated in these subsections are permitted under subsection (b)(2) only when a party has failed to obey an order to provide or permit discovery, the majority reasons that the predicate provision of Rule 4:12(b)(2), i.e., prior issuance of an order compelling discovery, limits a trial court's exercise of its powers under subsection (d) as well as under subsection (b)(2). I do not agree.

Subsection (a) of Rule 4:12 is implicated when a party provides only a portion of the information sought through discovery. Subsection (b)(2) is invoked after a trial court

11

issues an order to provide or permit discovery, including an order to compel pursuant to subsection (a), and that order is disobeyed. However, the discovery problems addressed in subsections (a) and (b)(2) are different from those covered by subsection (d). Subsection (d) applies when a party completely fails to respond to discovery requests, such as not appearing at a deposition after proper service or not responding at all to a set of interrogatories. In those instances, a trial court has the discretion to make such orders as are just and to utilize the sanctions specified in paragraphs (A), (B), and (C) of subsection (b)(2) without first issuing an order compelling a party to attend a deposition, to serve answers or objections to interrogatories, or to serve a written response to a request for inspection. However, the majority's construction of Rule 4:12(d) prevents a trial court from imposing any of the permitted sanctions directly upon a party's complete failure to respond to discovery requests. The majority reaches this result even though subsection (d) addresses the most egregious discovery abuses and provides that "the failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order . . . ."

In interpreting court-adopted rules, courts should apply the same principles that govern statutory construction. Hanson v. Commonwealth, 29 Va. App. 69, 77, 509 S.E.2d 543, 546 (1999) (citing Green v. Lewis Truck Lines, Inc., 443 S.E.2d 906, 907 (S.C. 1994)). One of those principles is preserving the harmony of the entire scheme of a statute or rule. However, the majority's decision in this case ignores the "settled principle of statutory construction that every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary." Sansom v. Board of Supervisors of Madison County, 257 Va. 589, 595, 514 S.E.2d 345, 349 (1999). Once the predicate requiring violation of an order regarding discovery is imported to subsection (d), that subsection is subsumed entirely into subsection (b)(2) and, consequently, rendered meaningless. Thus, I conclude that Rule 4:12(d) expressly provides for the use of the sanctions contained in paragraphs (A), (B), and (C) of subsection (b)(2) upon a party's failure to attend a deposition, to serve answers or objections to interrogatories, or to serve a written response to a request for inspection, absent a prior order compelling such action.[*]

---

[*] As noted below, selection of the severity of the sanction imposed is a matter of discretion depending on the circumstances presented to the court.

13

This reading of the operation of Rule 4:12(d) comports with the manner in which federal courts have applied Rule 37 of the Federal Rules of Civil Procedure.  The pertinent terms of both rules are essentially identical.  Federal courts have consistently interpreted subsection (d) of Rule 37 as authorizing a trial court to impose sanctions for the discovery abuses addressed in that subsection even though a party has not violated any prior court order regarding discovery.  See Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (Federal Rule of Civil Procedure 37(d) allows court to dismiss action if party fails to appear for deposition; no motion to compel is required before such dismissal); Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981) ("Dismissal is a proper sanction under Rule 37(d) for a serious or total failure to respond to discovery even without a prior order."); Dorey v. Dorey, 609 F.2d 1128, 1135 (5th Cir. 1980) (Rule 37 sanctions are ordinarily imposed following violation of court order; only exceptions are situations involving Rule 37(c) and (d);  Al Barnett & Son, Inc. v. Outboard Marine Corp., 611 F.2d 32, 35 (3rd Cir. 1979) (direct order by court is not necessary predicate to imposing sanctions under Rule 37(d)); Robison v. Transamerica Ins. Co., 368 F.2d 37, 39 (10th Cir. 1966) (sanctions under Rule 37(d) apply irrespective of whether court has ordered delinquent party to appear for

14

deposition or to answer interrogatory); but see United States

v. Certain Real Property Located at Route 1, Bryant, Alabama,

126 F.3d 1314, 1317 (11th Cir. 1997) (although Rule 37(d) does

not require issuance of order compelling discovery before

sanctions are authorized, "judicial interpretation of the

rule" requires such order or motion to compel before default

judgment may be imposed as a sanction).

The structure of Rule 37 has been described as a system

of "progressive discipline."  7 James Wm. Moore et al.,

Moore's Federal Practice ¶ 37.90 (3rd ed. 2000).  I believe

that description is equally applicable to Rule 4:12.  Viewed

in that manner, the function of subsection (d) in both rules

becomes apparent.

> The misconduct at which subdivision (d) is directed
> consists of a party's complete failure to respond, by way
> of appearance, objection, answer, or motion for
> protective order, to a discovery request.  Such a
> complete failure strikes at the very heart of the
> discovery system, and threatens the fundamental
> assumption on which the whole apparatus of discovery was
> designed, that in the vast majority of instances, the
> discovery system will be self-executing.
>
> * * * *
>
> Thus, if a party . . . does not appear for a
> properly noticed deposition, does not answer or object to
> interrogatories properly served, or does not make a
> written response to a proper request for production or
> inspection, the court may impose sanctions directly,
> without first issuing an order to compel discovery.

Id.

Accordingly, I cannot conclude, as the majority does, that the dismissal of the motions for judgment pursuant to Rule 4:12(d) in the absence of a violation of an order compelling discovery was legal error. Rather, I maintain that the trial court's decision to dismiss the plaintiff's motions for judgment under Rule 4:12(d) based on the failure to respond to the defendants' discovery requests should be reviewed pursuant to an abuse of discretion standard. See Rappold v. Indiana Lumbermens Mut. Ins. Co., 246 Va. 10, 15, 431 S.E.2d 302, 305 (1993) (trial court's decision under Rule 4:12 will not be reversed unless decision amounts to abuse of discretion). In applying that standard, I adhere to the view that, when the most severe sanctions are imposed, one part of the inquiry is whether a trial court could have furthered the goals of discovery through less drastic measures. See Wilson v. Volkswagen of America, 561 F.2d 494, 503-06 (4th Cir. 1977), cert. denied, 434 U.S. 1020 (1978) (trial court's range of discretion is more narrow when imposing most severe sanction in range of sanctions available); Mutual Federal Savings & Loan v. Richards & Assoc., 872 F.2d 88, 92 (4th Cir. 1989) (when trial court uses most severe sanction, court's decision "is confronted head-on by the party's rights to a trial by jury and a fair day in court").

Applying that guiding principle, I am convinced that the trial court's decision to dismiss the instant cases amounted to an abuse of discretion. In the prayers for relief contained in the defendants' motions, the defendants requested the trial court to order Brown and Hughes to answer interrogatories, to submit to depositions, and to undergo independent medical examinations, all to be completed within 30 days. In the alternative, they asked for dismissal of the cases with prejudice. In ruling on the defendants' motions, the trial court declined to grant the primary relief requested in lieu of the far more severe sanction of dismissal. Considering not only that the trial court did not determine whether a less drastic sanction would have resolved the discovery abuse and at the same time furthered the goals of discovery, but also that it did not make any findings regarding whether the plaintiffs had acted in bad faith; to what extent, if any, the defendants had been prejudiced by the discovery delay; or whether plaintiffs had engaged in other discovery abuses, I would hold that the trial court abused its discretion by imposing the most severe sanction in these cases.

For these reasons, I respectfully concur only in the judgment of the majority opinion.