581 S.E.2d 849

**Loren John MURPHY, Appellant,**

v.

**NATIONSBANK, N.A., Respondent.**

No. 3633..

Court of Appeals of South Carolina.

Submitted Feb. 20, 2003.
Decided April 28, 2003.
Rehearing Denied June 25, 2003.

James J. Raman, of Spartanburg; for Appellant.

Donald E. Rothwell and Scott L. Hood, both of Irmo; for Respondent.

PER CURIAM.

Loren John Murphy appeals from a circuit court order denying his request for a witness fee and mileage for attend-

ing a deposition in an action in which Murphy was the plaintiff. Murphy contends the circuit court erred because a party who testifies at a deposition is a witness entitled to the witness fee and mileage pursuant to Rule 30(a)(2), SCRCP.

## FACTS/PROCEDURAL HISTORY

In 1984, Murphy executed a Money Line Agreement with NationsBank in order to obtain a $25,000.00 revolving line of credit. Murphy defaulted on his repayment obligation to NationsBank, and in 1993, the bank agreed to accept a lump sum payment from him in full satisfaction of the account. NationsBank continued to report the account as charged off to consumer credit reporting agencies. Murphy commenced this action against NationsBank in 1999, seeking actual and punitive damages because of the bank's action in allegedly filing a false credit report about Murphy. NationsBank answered, denying liability and asserting numerous defenses, among them that the credit information provided by it concerning Murphy was true.

During the course of the lawsuit, NationsBank noticed the deposition of Murphy. Counsel for Murphy then notified NationsBank that Murphy expected to receive a witness fee of $25.00 and mileage, for a total of $29.14. NationsBank then filed a notice of motion and motion to enforce discovery. On June 28, 2001, a hearing on NationsBank's motion was heard before the Honorable John C. Hayes, III. Judge Hayes ruled that a party such as Murphy was not entitled to the witness fee and mileage under Rule 30(a)(2), and compelled Murphy to appear for his deposition. Thereafter, by order dated February 1, 2002, the Honorable Donald W. Beatty granted summary judgment to NationsBank based on the statute of limitations. Murphy appeals Judge Hayes' decision to deny him the witness fee and mileage.

## DISCUSSION

Rule 30(a)(2), SCRCP, sets forth certain limitations on depositions. The first paragraph of the subsection provides: "A *witness (excluding a party)* may be compelled to attend only in the county in which he resides or is employed or transacts his business in person, or at such other convenient

place as is fixed by an order of the court." (Emphasis added.) The second paragraph states: "The deposition of any *party or witness* may only be taken one time in any case except by agreement of the parties through their counsel or by order of the court for good cause shown." (Emphasis added.) The third paragraph of the subsection, which is the one at issue here, provides:

> A *witness* attending any deposition held pursuant to these rules shall receive for each day's attendance and for the time necessarily occupied in going to and returning from the same, $25.00 per day, and mileage for going from and returning to his place of residence, in the same amounts as provided by law for official travel of state officers and employees.

(Emphasis added.)

Judge Hayes, in ruling that Murphy, as a party, was not entitled to the witness fee and mileage, noted that Rule 30(a)(2) accorded different status to witnesses and parties. Murphy, however, relied upon the case of *Perry v. Minit Saver Food Stores of South Carolina, Inc.,* 255 S.C. 42, 177 S.E.2d 4 (1970), for the proposition that a party who testifies at a deposition is a witness and is entitled to the witness fee and mileage. This 1970 decision is the basis for the truncated argument in Murphy's brief.

We agree with Judge Hayes that Rule 30(a)(2), SCRCP, clearly treats witnesses and parties differently. The first paragraph of the subsection deals with witnesses and specifically excludes parties. The second subsection, by its language, applies to *both* parties and witnesses, and the third paragraph, which is applicable here, is limited to "a *witness* attending any deposition." (emphasis added) By its plain language, the paragraph of the subsection concerning witness fees and mileage applies only to witnesses. The *Perry* case relied on by Murphy is inapposite because it pre-dates the adoption of the South Carolina Rules of Civil Procedure. *See Sunamerica Fin'l Corp. v. Equi–Data, Inc.,* 299 S.C. 175, 177, 383 S.E.2d 8, 9 (1989) (holding that cases decided prior to the adoption of the South Carolina Rules of Civil Procedure are

inapplicable when deciding an issue involving construction of a rule).

**AFFIRMED.**

HEARN, C.J., CURETON and GOOLSBY, JJ., concur.