607 S.E.2d 80

**Loren John MURPHY, Petitioner,**

v.

**NATIONSBANK, N.A., Respondent.**

No. 25913.

Supreme Court of South Carolina.

Heard Nov. 4, 2004.
Decided Dec. 20, 2004.

James J. Raman, of Spartanburg, for Petitioner.

Donald E. Rothwell and Scott Louis Hood, both of Irmo, for Respondent.

Justice WALLER:

We granted a writ of certiorari to review the Court of Appeals' decision in *Murphy v. NationsBank, N.A.,* 354 S.C. 495, 581 S.E.2d 849 (Ct.App.2003). The Court of Appeals held that a party to an action is not entitled to mileage and a witness fee for attending a deposition. We reverse.

## FACTS

Petitioner, Murphy, filed suit against Respondent, Nations-Bank (Bank), alleging Bank had filed a negative credit report against him. During discovery, Bank noticed Murphy's deposition. Counsel notified Bank that Murphy expected a witness fee of $25.00 plus mileage. NationsBank filed a motion to enforce discovery and, after a hearing, Judge Hayes ordered Murphy to appear at the deposition without being paid a witness fee and/or mileage. Murphy appealed to the Court of Appeals which affirmed the trial court's ruling that Murphy was not entitled to the fee and mileage.

## ISSUE

Is a party to an action entitled to a witness fee and mileage for attending a deposition?

## DISCUSSION

In *Perry v. Minit Saver Food Stores,* 255 S.C. 42, 177 S.E.2d 4 (1970), this Court answered the precise question before us. There, we held the word "witness," as used in Circuit Court Practice Rule 87, included a party such that the plaintiff was entitled to a witness fee and mileage. We stated, "[w]e are of the view that there is no ambiguity whatever in Rule 87 as to the meaning of the word 'witness' ... and that the word 'witness' was intended to mean all witnesses whose depositions are taken pursuant to the rule, whether or not the witness, perchance, be a party. The word 'witness' is used at

various other places in Rule 87 to denote all witnesses, including parties, without making any distinction between witnesses who happen to be parties and those who are not." 255 S.C. at 45, 177 S.E.2d at 5.

Circuit Court Rule 87 was repealed and replaced with Rule 30(a)(2), SCRCP, effective July 1, 1985. The pertinent provision of Rule 30(a)(2) provides, "[a] witness attending any deposition held pursuant to these rules shall receive for each day's attendance and for the time necessarily occupied in going to and returning from the same, $25.00 per day, and mileage for going from and returning to his place of residence, in the same amounts as provided by law for official travel of state officers and employees."

The Court of Appeals held that, because other sections of Rule 30(a)(2) differentiate between a witness and a party, the section pertaining to payment of a **witness** fee was just that, requiring payments only to witnesses, but not parties. The Court of Appeals noted that portions of Rule 30(a)(2) set forth certain limitations on depositions, to wit:

> A witness (**excluding a party**) may be compelled to attend only in the county in which he resides or is employed or transacts his business in person, or at such other convenient place as is fixed by an order of the court. The second paragraph states: 'The deposition of any **party or witness** may only be taken one time in any case except by agreement of the parties through their counsel or by order of the court for good cause shown.'

354 S.C. at 496–497, 581 S.E.2d at 849–850 (emphasis in original). Because the first paragraph of the rule deals with witnesses and excludes parties, and the second paragraph deals with **both** witnesses and parties, the Court of Appeals concluded that the third paragraph, dealing with payment of **witness** fees, applied only to witnesses and not to parties. *Id.* at 497, 581 S.E.2d at 850. This holding is in direct conflict with this Court's opinion in *Perry*, holding that for purposes of the rule requiring payment of a witness fee, a party is a witness as well as a party.

Moreover, the Court of Appeals overlooked the fact that former Circuit Court Rule 87, upon which this Court relied in *Perry*, contained the **identical** provisions as Rule 30(a)(2).

Rule 87(A) specifically stated that "[a] witness (excluding a party) may be compelled to attend only in the county in which he resides or is employed or transacts his business in person, or at such other convenient place as is fixed by an order of the Court." The rule went on to state that, "[t]he deposition of any party or witness may only be taken one time in any case except by agreement of the parties through their counsel or by order of the Court for good cause shown." We nonetheless held in *Perry* that a party witness is entitled to mileage and a witness fee. Accordingly, the Court of Appeals erred in holding *Perry* inapplicable to this case.

We hold a party to an action who is required to attend a deposition is entitled to a witness fee and mileage pursuant to Rule 30(A)(2). The Court of Appeals' opinion is reversed.

**REVERSED.**

MOORE, A.C.J., PLEICONES, J., and Acting Justices EDWARD B. COTTINGHAM and DONNA S. STROM, concur.