THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 J. Doe, Appellant,
 v.
 Richard L.
 Duncan, Meredith Bond, Sidney Gilreath and Gilreath & Associates, Respondents.
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court
 Judge
Unpublished Opinion No.  2008-UP-596
Submitted October 1, 2008  Filed October
 17, 2008
AFFIRMED

 
 
 
 Cynthia E. Collie, of Sullivans Island, for Appellant.
 Curtis W. Dowling, of Columbia, for Respondents.
 
 
 

PER CURIAM: J.
 Doe appeals the trial courts dismissal of her causes of action pursuant to
 Rule 12(b)(8), SCRCP.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:
1.  As to whether the trial court erred in its interpretation and application of
 Rule 12(b)(8), SCRCP, in dismissing her causes of action:     Green By & Through Green v.
 Lewis Truck Lines, Inc., 314 S.C. 303, 304, 443 S.E.2d 906, 907 (1994)
 (explaining that in interpreting the language of a court rule, we apply the same rules
 of construction used in interpreting
 statutes); Corbett v. City of Myrtle Beach, 336 S.C. 601, 610,
 521 S.E.2d 276, 281 (Ct. App. 1999) (holding dismissal pursuant to Rule
 12(b)(8), SCRCP, appropriate where claim involved the same parties and were
 based upon the same facts and circumstances); Cox v. Woodmen of World Ins.
 Co., 347 S.C. 460, 469-70, 556 S.E.2d 397, 402 (Ct. App. 2001)
 (explaining the  trial court properly denied a motion to dismiss pursuant to
 Rule 12(b)(8) where a class action in an Alabama court involving the same
 parties and the same or substantially the same issues was decertified).   
2.  As
 to whether the trial court failed to consider a stay as an alternative to
 dismissal:  State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003)
 (stating a party may not argue one ground at trial and an alternate ground on
 appeal).  
3.  As to
 whether the trial court erred in failing to apply Tennessee law and failed to
 reverse pursuant to Rule 61, SCRCP: In re Care and Treatment of McCracken,
 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001) (holding an issue is deemed
 abandoned and will not be considered on appeal if the argument is raised in a
 brief but not supported by authority).  
AFFIRMED.
ANDERSON, WILLIAMS, and KONDUROS, JJ.,
 concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.